**Kenneth CHAPMAN, Petitioner-Appellant,**

v.

**UNITED STATES of America, Respondent-Appellee.**

**No. 72-1920**

**Summary Calendar.***

United States Court of Appeals, Fifth Circuit.

Oct. 31, 1972.

---

* Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir. 1970, 431 F.2d 409, Part I.

John C. Pennington, Atlanta, Ga. (Court-appointed), for petitioner-appellant.

William J. Schloth, U. S. Atty., Ronald T. Knight, Asst. U. S. Atty., Macon, Ga., for respondent-appellee.

Before WISDOM, GODBOLD and RONEY, Circuit Judges.

WISDOM, Circuit Judge:

This is an appeal from the district court's denial of a motion under 28 U.S.C. § 2255 to have the appellant's conviction and sentence vacated, appeal rights reopened, and counsel appointed to perfect an appeal in forma pauperis. We reverse.

The appellant, Kenneth Chapman, was convicted under 18 U.S.C. § 2113(a) for attempted entry into a bank with intent to commit a felony and was sentenced on November 16, 1966, to serve a term of ten years. His retained attorney filed a timely notice of appeal. He asserts that several months later he wrote his attor-

ney to inquire about his appeal and to inform his attorney of his inability to raise the balance owed on attorney's fees. That letter remained unanswered. The lawyer later abandoned the appeal, but did not communicate with Chapman again. Since he took no further action, the Court of Appeals dismissed the appeal on June 7, 1967. For a period of more than four years the appellant did not inform either the district court or this Court that he was indigent and without counsel to perfect an appeal. Finally, the appellant filed a motion under section 2255 to have his conviction and sentence vacated, appeal rights reopened, and counsel appointed to perfect an appeal in forma pauperis. On February 9, 1971, the district court denied relief without a hearing. Because of the difficulty and importance of the issues involved, we granted leave to appeal in forma pauperis and appointed counsel to assist the appellant.

Chapman's main contention is that the alleged failure of counsel to perfect an appeal constituted a denial of the right to appeal and the right to the effective assistance of counsel as guaranteed by the Sixth Amendment. We agree.

At the outset, we note that an appeal from a district court's judgment of conviction in a criminal case is a matter of right. Coppedge v. United States, 1962, 369 U.S. 438, 82 S.Ct. 917, 8 L. Ed.2d 21; Arrastia v. United States, 5 Cir. 1972, 455 F.2d 736; Brewen v. United States, 5 Cir. 1967, 375 F.2d 285. Abridgement of this right is incompatible with the most basic concept of due process. Nance v. United States, 7 Cir. 1970, 422 F.2d 590. Furthermore, we have held that the failure of privately-retained counsel to perfect an appeal, when requested to do so, amounts to such a dereliction of duty as to deprive the defendant of both the effective aid of counsel at a critical stage of the proceedings and the right to appeal. Atilus v. United States, 5 Cir. 1969, 406 F.2d 694. In *Atilus,* we observed that if pri-

vately-retained counsel continues to represent his client until the appeal stage of the proceedings arrives, "he can't be permitted simply to bow out without notice either to the court or client and frustrate forever the right of the client to protect his vital interests." *Id.* at 696. Similarly, in Woodall v. Neil, 6 Cir. 1971, 444 F.2d 92, counsel filed a timely notice of appeal but then failed to take any further action. The court held that counsel's abandonment of the appeal, without notice and without the defendant's consent, deprived the defendant of the right to counsel and the right to appeal.

These precedents are clearly applicable to the instant case in which the appellant alleges that his lawyer abandoned the appeal without notice to either the appellant or the court. The district court concluded, however, that the appellant had waived any objection to his counsel's actions because he "slept on his rights for four years without informing the courts of his problem." The district court, not without reason, concluded that the appellant's nonpayment of attorney's fees coupled with the fact that the letter to his counsel remained unanswered gave the appellant notice that his counsel had abandoned the case. Chapman's failure to notify the court of this fact therefore precluded any finding that he was denied the effective assistance of counsel.

We agree with the district court that there is a duty imposed on defendants to notify the courts of an inadequacy in the assistance of counsel and that the judiciary is not required to monitor all cases to insure that counsel are using due diligence in prosecuting their clients' appeals. This is not the issue in the present case, however. Chapman alleges that he was ignorant of his rights once his lawyer abandoned him and that neither his lawyer nor the trial judge advised him of his rights. The district court did not conduct an evidentiary hearing to determine the truth of the allegations or whether there was an

intelligent and voluntary waiver. Instead, the district court assumed a waiver because of the appellant's inaction for such a long period of time. It must be admitted, of course, that the passage of four years before Chapman advised the courts of his problem makes his position inherently suspect. Extended, unexplained silence may in certain circumstances amount to abandonment of one's rights. Nevertheless, this Court's policy has been strongly in favor of the position that a waiver will not be assumed unless the facts clearly support such an assumption. McKinney v. United States, 5 Cir. 1968, 403 F.2d 57. We are reluctant to construct an exception to this rule in the present circumstances in the absence of an evidentiary hearing. We conclude, therefore, that it was error for the district court to deny the appellant's motion without an evidentiary hearing. Nothing in this opinion should be taken as expression of view on the merits of the appellant's first contention.

■ The appellant's second contention is that the trial court failed to advise the appellant of his rights in accordance with the requirements of Rule 32(a)(2) of the Federal Rules of Criminal Procedure. Rule 32(a)(2) provides:

> Notification of Right to Appeal. After imposing sentence in a case which has gone to trial on a plea of not guilty, the court shall advise the defendant of his right to appeal and of the right of a person who is unable to pay the cost of an appeal to apply for leave to appeal in forma pauperis. If the defendant so requests, the clerk of the court shall prepare and file forthwith a Notice of Appeal on behalf of the defendant.

The record in the present case shows that the trial judge did not advise the appellant of these rights. The appellant argues that this omission alone is sufficient to require the granting of the relief requested, citing Kirk v. United States, 7 Cir. 1971, 447 F.2d 749. In *Kirk*, as here, counsel abandoned the case after filing a notice of appeal. The Seventh Circuit held that it would be presumed, *without an evidentiary hearing*, that the trial court's failure to advise the defendant as required by Rule 32(a)(2) was the cause of the defendant's failure to perfect his appeal. The Government, in contrast, urges us to reject *Kirk* and to hold that the trial court's omission was at most harmless error since the appellant's counsel had already filed a notice of appeal. The Government, though, misses the point when it argues that the filing of the notice of appeal makes unnecessary notification under Rule 32(a)(2). Rule 32(a)(2) does not merely inform a defendant of his right to appeal; it also tells him that he has a right to appointed counsel if he cannot afford retained counsel for the appeal. The appellant could conceivably have been aware of his right to an appeal and yet have waived it because he could not afford retained counsel. A proper and complete notification under Rule 32(a)(2), however, would have prevented such a waiver.

Both the appellant and the Government ask us to assume too much.

This is not a case in which it was apparent that Chapman would be unrepresented on appeal and was therefore primarily dependent on the trial court for advice as to his rights. Rodriquez v. United States, 1969, 395 U.S. 327, 89 S. Ct. 1715, 23 L.Ed.2d 340. Instead, Chapman had the assistance of counsel who filed a timely notice of appeal. In these circumstances, the retained lawyer may well have informed Chapman fully as to his rights, including the right to have appointed counsel on appeal. These questions, however, cannot be resolved by speculation.

We reverse and remand to the district court for an evidentiary hearing on the issues raised in the appellant's motion.