**Dave LAMAR, Petitioner,**

v.

**The STATE OF TEXAS, Respondent.**

**Civ. A. No. 72-H-1207.**

United States District Court,
S. D. Texas,
Houston Division.

Feb. 28, 1973.

Dave Lamar, pro se.

Harry H. Walsh, Director, Staff Counsel for Inmates, Texas Department of Corrections, Huntsville, Tex., for petitioner.

Thomas M. Pollan, Asst. Atty. Gen., of Texas, Austin, Tex., for respondent.

### MEMORANDUM AND ORDER

NOEL, District Judge.

Petitioner, a state prisoner serving a 35-year sentence pursuant to a jury conviction for murder with malice afore-

thought, has filed a petition for writ of habeas corpus contending that his conviction should be set aside on the grounds that he was denied effective counsel upon appeal. Some elaboration of the facts surrounding petitioner's claim is appropriate, for the facts illuminate the present posture of the case.

Petitioner was represented by employed counsel for the trial. After a jury conviction, said counsel gave notice of appeal in open court. The Court of Criminal Appeals affirmed the trial court. in an unpublished opinion with a notation that the record on appeal contained no statement of facts or bills of exception. Petitioner subsequently filed a petition for writ of habeas corpus in the 177th District Court of Harris County, Texas. He complained that because he was indigent and had no means with which to pay for an appeal, none had been taken on his behalf. From this fact, he argued that he was effectively denied equal protection and due process of the law.

The trial court without a plenary hearing denied relief stating that no question of indigency had ever been brought to the court's attention. Upon reconsideration and presentation of new evidence, the trial court did hold a hearing on March 30, 1972, at which time the court filed findings of fact and conclusions of law. The significant findings of fact are as follows:

1. The record on appeal did not contain either a statement of facts or bills of exception.

2. The petitioner was indigent after his conviction and during the pendency of his appeal but did not notify the court so that it could provide counsel and a statement of facts.

3. The petitioner was unaware that his retained attorney would not proceed to get and file a statement of facts if the attorney was not paid.

4. No trial transcript could be obtained because the court reporter's notes have been destroyed.

This led the trial court to conclude that the petitioner was denied effective assistance of counsel. Likewise, it determined that any out-of-time appeal would be specious without a transcript of the state district court proceedings. However, the Court of Criminal Appeals denied petitioner's application for a writ of habeas corpus without a written order on June 7, 1972.

■ Asserting that all state avenues have been exhausted, petitioner now turns to this Court for relief. He urges that he was not afforded his constitutional rights on the appeal of his case, especially when the appeal was heard without assistance of counsel. The decision of the United States Supreme Court in Douglas v. (People of State of) California, 372 U.S. 353, 83 S.Ct. 814, 9 L. Ed.2d 811 (1965) is the apogee to any analysis of the right to appeal. In *Douglas* the Court reasoned that it was a violation of both the Equal Protection and Due Process Clauses for a state's appellate review procedures to discriminate against convicted defendants on the basis of poverty. In other words, whether or not a convicted prisoner has the funds to employ counsel upon appeal, he must have proper representation and the appropriate transcripts available by which to prosecute an appeal. Griffin v. Illinois, 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891 (1955).

Of late, the Fifth Circuit Court of Appeals has shown considerable interest in prisoners' petitions alleging that their lawyers have abandoned their rights on appeal. Its most recent pronouncement in this area is the case of Chapman v. United States, 469 F.2d 634 (1972), the facts of which very nearly parallel the petition under consideration. Although the Court in *Chapman* was reviewing a motion under 28 U.S.C. § 2255, it relied heavily on the Sixth Circuit Court of Appeals opinion in Woodall v. [Neil], 444 F.2d 92 (6th Cir. 1971) [misstyled in the body of the opinion as Woodall v. United States]. In *Woodall*, which involved strictly a state habeas corpus request, the Court concluded that

**44**

under some circumstances failure of retained counsel to prosecute an appeal can be such as to deprive an accused of his constitutional rights to counsel. This was said to be especially true if retained counsel abandoned the appeal without accused's consent or without any warning so as to deprive him of his right of appeal. Woodall v. Neil, supra, at 93. Any such uncommunicated withdrawal of counsel from the case immediately after trial constitutes a denial of the right to an appeal.

 Here, the state district court held a plenary hearing on this petition and expressly found that employed counsel had failed, not only to prosecute any appeal from petitioner's conviction, but also to advise him that no appeal would be taken on his behalf. In view of *Chapman,* petitioner's complaint may be meritorious. However, that determination should be left up to the state forum. State courts should be given the first opportunity to pass upon and correct errors of federal law in a state prisoner's conviction. It must not be assumed that state courts will be derelict in their duty to give full effect to federal constitutional rights, when warranted.

This tenet complements the doctrine of abstention, whereby full play is allowed the states in the administration of their criminal justice. To allow the state judiciary the initial inquiry is a matter of accommodation between state and federal courts. This concept is grounded primarily upon respect which federal courts should and do have for state judicial processes. Younger v. Harris, 401 U.S. 37, 91 S.Ct. 746, 27 L. Ed.2d 669 (1970). It is not one defining power but one which relates to the appropriate exercise of power. Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L. Ed.2d 837 (1967). Every consideration of comity and propriety demands that in cases of this character, recourse should first be had in the state courts.

■ Therefore, the proper action for this Court is to defer any decision at this time until the Court of Criminal Appeals, which is already cognizant of the litigation, has the occasion to review the issue. A practical appraisal of the state interest involved here plainly justifies the federal court's staying its hand, thereby giving finality to state judicial procedures.

Now, therefore, it is ordered, adjudged and decreed that petitioner has thirty (30) days from this date in which to present his petition to the Court of Criminal Appeals of Texas. Should he fail to do so, the petition will be dismissed.