495 F.2d 560
 Juan M. GODIN, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
No. 74-1531 Summary Calendar.*
*Rule 18, 5th Cir. See Isbell Enterprises, Inc.
v.
Citizens Casualty Company of New York et al., 5th Cir.,
1970, 431 F.2d 409, Part I.
 United States Court of Appeals, Fifth Circuit.
 June 10, 1974.
 
 Juan M. Godin, pro se.
 John M. Pinckney, III, Asst. U.S. Atty., San Antonio, Tex., for respondent-appellee.
 Before GEWIN, GODBOLD and CLARK, Circuit Judges.
 PER CURIAM:
 
 
 1
 Juan M. Godin appeals from a district court order denying his 28 U.S.C. 2255 motion to vacate a sentence imposed as a result of his conviction for selling heroin not pursuant to a written order form of from an original package, in violation of 26 U.S.C. 4704(a) and 4705(a). In his 2255 motion he asserts as grounds for relief that the trial court failed to apprise him of his right to appeal as required by Federal Rule of Criminal Procedure 32(a)(2). We affirm.
 
 
 2
 The record reveals that on April 13, 1970, the jury tendered its verdict of guilty as charged and the trial court entered its judgment of conviction. Subsequent to imposing sentence, but nevertheless on the same day, the district court sent a letter to Godin by registered mail, informing him of his right to appeal. Appearing at the bottom of this letter are the words: 'I do not wish to appeal. Signed Juan M. Godin.' Correspondence from his trial attorney, dated April 17, 1970, confirms the fact that Godin did not desire to appeal. Thus, the record supports the conclusion that Godin was informed by the court of his right to appeal and elected not to exercise it.
 
 
 3
 Novertheless, Godin contends that the failure of the trial judge to apprise him of his right to appeal in open court contravenes F.R.Crim.Pro. 32(a)(2). This rule stipulates as follows:
 
 
 4
 '(2) Notification of Right to Appeal. After imposing sentence in a case which has gone to trial on a plea of not guilty, the court shall advise the defendant of his right to appeal and of the right of a person who is unable to pay the cost of an appeal to apply for leave to appeal in forma pauperis. If the defendant so requests, the clerk of the court shall prepare and file forthwith a notice of appeal on behalf of the defendant.'
 
 
 5
 Clearly, this rule does not by its own terms mandate that which Godin apprehends. To our knowledge, no court has been of such a view. Thus, although it may be preferable to advise a defendant of his right to appeal in open court, a court is not unequivocally forbidden to do so by the means chosen by the trial court in this case. Godin was apprised of his right to appeal in substantial compliance with the rule.
 
 
 6
 The judgment is affirmed.