**UNITED STATES, Appellee,**

v.

**Staff Sergeant Ronald D. ROGERS, 251–88–3193, United States Army, Appellant.**

**CM 447023.**

U.S. Army Court of Military Review.

28 June 1985.

Captain David L. Carrier, JAGC, argued the cause for appellant. With him on the brief were Lieutenant Colonel Arthur L. Hunt, JAGC, and Major Stephen R. Dooley, JAGC.

Captain Robert L. Swann, JAGC, argued the cause for appellee. With him on the brief were Lieutenant Colonel Adrian J. Gravelle, JAGC, and Major Patrick M. Flachs, JAGC.

Before McKAY, WATKINS, and LYMBURNER, Appellate Military Judges.

## OPINION OF THE COURT

McKAY, Senior Judge:

Staff Sergeant Rogers was convicted on his plea of guilty to wrongful possession of marijuana with intent to distribute.[1] The

---

1. In violation of Article 112a, Uniform Code of Military Justice, 10 U.S.C. § 912a (Supp. I 1984) [hereinafter cited as UCMJ].

adjudged sentence to a bad-conduct discharge, to be confined for one year, to be reduced to the lowest enlisted grade, and to forfeit all pay and allowances, was less than the sentence agreed to in a pretrial agreement between the convening authority and Sergeant Rogers and was approved by the convening authority. Rogers now contends that the military judge erred by failing to inform him of his appellate rights and by failing to ensure that he understood those rights; he asks that the Court set aside the bad-conduct discharge. We hold that the military judge erroneously failed to advise Sergeant Rogers of his post-trial and appellate rights and to ensure his understanding of these rights, but find no prejudice.

The record of trial established that after receiving evidence on sentencing and announcing the sentence, the military judge addressed Sergeant Roger's civilian defense counsel as follows: [2]

MJ: Very well. Have you gone over the appellate rights with the accused?

IDC: I have not quite completed it with him your Honor.

MJ: Fine. If you would do that and have him sign it, please, that will be attached to the record as an appellate exhibit.

The court is adjourned.

Record of trial at page 55. Appellate Exhibit V, a form detailing the appellate rights of an accused and apparently signed by Sergeant Rogers, is included in the record of trial.[3]

The Uniform Code of Military Justice was changed by the Military Justice Act of 1983 [4] and for the first time authorized a convicted accused to waive his appellate rights. New provisions have been added to the Manual for Courts-Martial to implement this change. Rule for Courts-Martial [hereinafter R.C.M.] 1010(a) provides, "In each general and special court-martial, after the sentence is announced and before the court-martial is adjourned, the military judge shall inform the accused of...." There follows a list of four annunciated post-trial rights of an accused. Included are the right of an accused to submit matters for consideration by the convening authority, the right to applicable appellate review, and the effect of waiver or withdrawal of these rights. R.C.M. 1010(b) continues the post-sentencing task of the military judge by requiring, "After compliance with subsection (a) of this rule, the military judge shall inquire of the accused to ensure that the accused understands the advice."

The analysis of R.C.M. 1010, Manual for Courts-Martial, United States, 1984, App. 21, R.C.M. 1010, explains that the rule is based on Senate Report No. 53, 98th Congress, 1st Session 18 (1983), and is similar to Fed.R.Crim.P. 32(a)(2).[5] It is broader than the Federal rule, however, in that it applies whether or not the accused pleads guilty. The pertinent provisions of Fed.R. Crim.P. 32(a)(2) state: "After imposing sentence in a case which has gone to trial on a plea of not guilty, the court shall advise the defendant of his right to appeal...."

Appellate courts have not interpreted the Federal rule to be a per se requirement that the judge advise a defendant of his rights in open court. *Godin v. United States*, 495 F.2d 560 (5th Cir.1974), *cert. denied*, 419 U.S. 995, 95 S.Ct. 308, 42 L.Ed.2d 268 (1974). In *Godin*, for example, a registered letter informing an accused of

---

**2.** Prior to deliberating on sentence, the military judge had requested that the advice on appellate rights form be marked as an appellate exhibit and that the civilian defense counsel "go over" the appellate rights with the appellant.

**3.** Appellate Exhibit V is a preprinted, two-page statement of post-trial and appellate rights, dated 7 February 1985 (the day of trial), apparently subscribed by the appellant immediately beneath a written averment to the effect that he had read and understood his post-trial rights.

**4.** Article 61, UCMJ, 10 U.S.C. § 861 (Supp. I 1984).

**5.** *See also Military Justice Act of 1982: Hearings on S. 2521 Before the Subcomm. on Manpower and Personnel of the Committee on Armed Services*, 97th Cong., 2d Sess. 32 (1982) (prepared statement of William H. Taft IV, General Counsel, Dept. of Defense) [hereinafter cited as *Hearings*].

his right to appeal was held to be substantial compliance with the rule. In *Johnson v. Norton,* 435 F.2d 842 (1st Cir.1970) the court found that the failure of the trial court to inform the defendant of his right to appeal did not constitute prejudicial error when an appeal was in fact duly entered. These and other cases make it clear that substantial compliance with Fed.R.Crim.P. 32(a)(2) is all the courts have required. *See Hoskins v. United States,* 462 F.2d 271 (3d Cir.1972); *Johnson v. United States,* 453 F.2d 1314 (8th Cir.1972); *United States v. Chapman,* 448 F.2d 1381 (3d Cir.1971).[6]

The legislative history of the Military Justice Act of 1983, however, indicates that Congress intended to impose more stringent requirements upon courts-martial. In the light of the court decisions interpreting the Federal rule, there was substantial concern expressed to the Congress that the waiver or withdrawal of appellate rights in courts-martial should be a knowing and voluntary act and not merely the result of inaction by an accused or his attorney. For example, an attorney representing the American Civil Liberties Union testified of the ACLU's concern that waivers could result from "undue influence" or without legal advice, explaining that "the best side of a justice system is the side that appears in the transcript of the trial."[7] Other concerns were expressed by a retired senior Army Judge Advocate, regarding the possibility of a perceived abrogation of appellate

rights should their waiver be authorized.[8] As a result of these expressions of concern, and others, the Senate Committee Report concluded that waiver or withdrawal of appellate rights under the new Article 61(c), UCMJ, 10 U.S.C. § 861(c), must be "knowing, voluntary and in writing", S.Rep. No. 53, p. 8, and directed:

> [T]hat the Manual for Courts-Martial incorporate detailed requirements for the administration of this section. For example, if a finding of guilty is announced under Article 53, the court-martial shall advise the accused on the record of the right to appeal and of the right to submit matters to the convening authority....

S.Rep. No. 53, p. 18.

R.C.M. 1010 was the President's implementation of the Congressional directive. While based upon Fed.R.Crim.P. 32(a)(2), the language of R.C.M. 1010 is dissimilar and we conclude was formulated to require that the military judge, after the sentence is announced and before adjournment, inform an accused of his post-trial and appellate rights, and ensure on the record that they have been understood.[9]

■ While there is no prescribed procedure that the military judge must follow in order to accomplish his R.C.M. 1010 imposed duty,[10] we hold in this case that the military judge erred when he did not inform the appellant of his post-trial and appellate rights and ensure his under-

---

**6.** Resentencing has been required in the absence of substantial compliance. *United States v. Benthien,* 434 F.2d 1031 (1st Cir.1970) (notification of rights by counsel after sentencing insufficient); *United States v. Smith,* 387 F.2d 268 (6th Cir.1967) (request to counsel by defendant that appeal be filed insufficient).

**7.** *Hearings, supra* note 5 at 230 (statement of Mr. Eugene R. Fidell).

**8.** *Hearings, supra* note 5 at 26 (statement of Colonel Douglass). At the time of the hearings Colonel Douglass was a Professor of Law, University of Houston, and also Dean, National College of District Attorneys.

**9.** Article 1(14), UCMJ, 10 U.S.C. § 801(14), defines "record", when used in connection with the proceedings of a court-martial, as meaning, "(A) an official written transcript, written sum-

mary, or other writing relating to the proceedings; or (B) an official audiotape, videotape, or similar material from which sound, or sound and visual images, depicting the proceedings may be reproduced."

**10.** The list of rights, entitlements, elections, elements, instructions, ramifications, consequences, and the like, of which an accused "shall be informed" by the military judge, is incredibly long and is steadily lengthening. The proper and effective use at a trial of an accurate, detailed, and comprehensive checklist of the type reflected in Appellate Exhibit V is not only permissible, it is highly desirable. Subsequent to its use, however, the trial judge must ensure that its provisions are understood by the accused. R.C.M. 1010(b).

**850**

standing thereof on the record, and relied upon the appellant's counsel to accomplish this responsibility after adjournment. *Cf. United States v. Benthien,* 434 F.2d 1031 (1st Cir.1970) (trial judge erred by not advising defendant of rights as required by Fed.R.Crim.P. 32(a)(2)). We will test for prejudice.

■ Before the convening authority took initial action on this case, a copy of the staff judge advocate's written recommendation was served on Sergeant Rogers' civilian defense counsel with the advice that he had five days to submit any matters he wanted considered by the convening authority. *See United States v. Goode,* 1 M.J. 3 (C.M.A.1975); Article 60(d), UCMJ, 10 U.S.C. § 860(d); R.C.M. 1106(f). The counsel expressly waived in writing any submission. Appellate Exhibit V also evinces Rogers' actual knowledge of his post-trial and appellate rights and the effect of waiver. Moreover, after the convening authority took his initial action, the appellant's case was forwarded to this Court for review pursuant to Article 66, UCMJ, 10 U.S.C. § 866. Sergeant Rogers was represented during this review by appointed appellate counsel, who submitted a written brief and presented oral argument before the Court. Sergeant Rogers also personally raised an appellate issue which the Court has carefully considered, as required by *United States v. Grostefon,* 12 M.J. 431 (C.M.A.1982).

Under the circumstances, we find that Sergeant Rogers is aware of and has exercised his appellate rights thus far in the appellate process. In addition, the action of the convening authority in approving the adjudged sentence is fully justified by the evidence of record. The offense of which Rogers was convicted, wrongful possession of marijuana with intent to distribute, is indeed significant and serious, *United States v. Trottier,* 9 M.J. 337 (C.M.A.1980), and could have resulted in confinement for 15 years. The appellant's pretrial agreement, which he initiated, included a bad-conduct discharge, forfeiture of all pay and allowances, and reduction to the lowest en-

listed grade, in addition to 18 months confinement; the adjudged and approved sentence included confinement for only one year. Considering all these matters, we hold that the appellant was not prejudiced by the military judge's failure to comply with R.C.M. 1010. *See United States v. Hendon,* 6 M.J. 171, 175 (C.M.A.1979); *United States v. Johnson,* 41 C.M.R. 49, 50 (C.M.A.1969).

The findings of guilty and the sentence are affirmed.

Judge WATKINS and Judge LYMBURNER concur.