UNITED STATES, Appellee,

v.

Specialist Four Timothy S. ZERBE, 195–54–1042, United States Army, Appellant.

CM 446771.

U.S. Army Court of Military Review.

12 Nov. 1985.

U.S.C. § 837 (1982), was not decided in *Cruz. Cruz,* 20 M.J. at 886 n. 18.

For Appellant: Lieutenant Colonel Paul J. Luedtke, JAGC, Captain Donna Chapin Maizel, JAGC, Captain Kevin T. Lonergan, JAGC (on brief).

For Appellee: Colonel James Kucera, JAGC, Lieutenant Colonel Adrian J. Gravelle, JAGC, Lieutenant Colonel Joseph A. Rehyansky, JAGC, Captain Stephen B. Pence, JAGC (on brief).

Before WOLD, FELDER, and NAUGHTON, Appellate Military Judges.

## OPINION OF THE COURT

**PER CURIAM:**

■ The trial judge erred when he failed to comply with R.C.M. 1010 by not inquiring of the accused to ensure that he understood his post-trial and appellate rights. Simply put, the judge must communicate to an accused his post-trial and appellate rights and the accused must communicate to the judge his understanding of those rights. This communication process, which may be either verbal or written, or a combination thereof, must be reflected *on the record* and must take place before adjournment. R.C.M. 1010 contemplates nothing more or less. *See United States v. Grider,* 21 M.J. 603, CM 446968 (ACMR 12 Nov. 1985).

The trial judge in this case failed to obtain from appellant, *on the record,* whether he understood these rights. Here the judge put his advice in writing and gave the document, marked as an appellate exhibit, to the accused during the trial. He instructed the defense counsel to return the document to the trial counsel or court reporter for inclusion in the record and then adjourned the trial. · The form was evidently returned later with appellant's written statement that he understood the contents. Since this was done after adjournment, it was obviously not done *on the record.*

■ Nevertheless, appellant was not prejudiced since he was advised of his rights and has subsequently acknowledged in writing that he understood them. Further, he demonstrated his understanding of his rights by submitting matters to the convening authority, by challenging the recommendation of the staff judge advocate pursuant to R.C.M. 1106 and by exercising his appellate rights through counsel before this court. *United States v. Rogers,* 20 M.J. 847 (ACMR 1985).

The findings of guilty and the sentence are affirmed.