**UNITED STATES, Appellee,**

v.

**Specialist Four David L. GRIDER, 467–13–3558, United States Army, Appellant.**

**CM 446968.**

U.S. Army Court of Military Review.

12 Nov. 1985.

For Appellant: Lieutenant Colonel William P. Heaston, JAGC, Major Edwin D. Selby, JAGC, Captain Audrey H. Liebross, JAGC (on brief).

For Appellee: Colonel James Kucera, JAGC, Lieutenant Colonel Adrian J. Gravelle, JAGC, Lieutenant Colonel Gary F. Roberson, JAGC (on brief).

Before WOLD, FELDER, and NAUGHTON, Appellate Military Judges.

## OPINION OF THE COURT

WOLD, Senior Judge:

Rule for Courts-Martial 1010 provides: (a) *Advice.* In each general and special court-martial, after the sentence is announced and before the court-martial is adjourned, the military judge shall in-

1. Manual for Courts-Martial, United States, 1984, Rule for Courts-Martial 1010 analysis.

2. Pub.L. No. 98–209, § 5(a)(1), 97 Stat. 1393 (1983).

form the accused of [his post-trial and appellate rights].

(b) *Inquiry.* After compliance with subsection (a) of this rule, the military judge shall inquire of the accused to ensure that the accused understands the advice.

■ As noted in *United States v. Rogers,* 20 M.J. 847, 848 (A.C.M.R.1985), the analysis of Rule 1010 [1] states that the rule is based on Senate Report Number 53, 98th Congress, 1st Session 18 (1983). That report, in its comments on the portion of the Military Justice Act of 1983 [2] which amended the Uniform Code of Military Justice to provide for waiver or withdrawal of an appeal, contains the following statement:

> The Committee directs that the Manual for Courts-Martial incorporate detailed requirements for the administration of this section. For example, if a finding of guilty is announced under Article 53, the court-martial shall advise the accused *on the record* of the right to submit matters to the convening authority....

S.Rep. No. 53, p. 18 (emphasis added). However effective or ineffective this directive may be in making a binding rule,[3] we are satisfied by the reference to the committee report in the analysis of Rule 1010 that the President intended the rule to be read to require that such advice be given "on the record." Thus we agree with the holding in *United States v. Rogers* that Rule 1010, "was formulated to require that the military judge, after the sentence is announced and before adjournment, inform an accused of his post-trial and appellate rights, and ensure on the record that they have been understood." 20 M.J. at 849.

*Rogers* also held that "in this case ... the military judge erred when he did not inform the appellant of his post-trial and appellate rights and ensure his understanding thereof on the record...." 20 M.J. at 849–50. If the *Rogers* court meant

3. *See, e.g., INS v. Chadha,* 462 U.S. 919, 944–959, 103 S.Ct. 2764, 2780–2788, 77 L.Ed.2d 317 (1983).

by this statement that Rule 1010 requires the trial judge to verbally inform an appellant of his rights, we disagree.[4] We have interpreted Rule 1010 to require that both the advice and the inquiry into the appellant's understanding be done "on the record." We do *not* interpret the rule to prescribe any particular means of communicating the advice. Specifically, we hold that providing an accused with a written statement of his rights will satisfy the rule so long as the contents of that statement are made a part of the record (as by attaching a copy as an appellate exhibit) so that they are subject to appellate review.[5] We view this procedure not only as satisfying the rule, but as the most practical and likely the most efficacious means of transmitting the required information from the mind of the judge to the mind of the accused. A similar procedure may also be used for communication of the accused's understanding (or lack of understanding), although both prudence and practicality would seem to favor oral communication for this purpose.

While we do not believe that the rule requires a particular means of communication, we do wish to emphasize that the rule requires that the communication of the advice and the inquiry into the accused's understanding take place during the trial— as the rule is now written, between announcement of the sentence and adjournment.[6]

In the case at bar, after appellant's sentence was announced, the trial judge gave the trial defense counsel a written form containing his advice to appellant about his post-trial and appellate rights. Appellant was instructed to read the document, discuss it with his attorney, and complete and sign the form, indicating thereby whether he understood the advice. After a recess to allow appellant to comply with the judge's instructions, the judge reopened the court and ascertained both from the completed form and from conversation with appellant that he understood the advice. The form was made a part of the record of trial as an appellate exhibit and contains correct and complete advice. In accordance with our holdings above, we find that this procedure satisfied Rule 1010.

The findings of guilty and the sentence are affirmed.

Judge FELDER and Judge NAUGHTON concur.

---

4. We are inclined to interpret *Rogers* otherwise, but believe it important that there be no question in the minds of judges and counsel at the trial level as to what is required.

5. We also construe the requirement in Rule 1010 that "the military judge" inform the accused of his rights to mean that the advice must be *the judge's* advice. That is, the judge must at least approve and adopt the contents of the advice, regardless of the means by which the advice is communicated to the accused.

6. In light of the emotions which are almost invariably generated by the announcement of a sentence, this is a particularly inappropriate time for advice to an accused on procedural rights. We recommend that the rule be modified to allow trial judges to select the stage of the trial when this function should be performed.