**UNITED STATES, Appellee,**

v.

**Sergeant Reginald W. WILLIAMS, 425–11–7446, United States Army, Appellant.**

**CM 448852.**

U.S. Army Court of Military Review.

10 Dec. 1986.

For Appellant: Major Marion E. Winter, JAGC, Major Jerry W. Peace, JAGC, Captain David D. Hoffman, JAGC (on brief).

For Appellee: Colonel Norman G. Cooper, JAGC, Lieutenant Colonel Gary F. Roberson, JAGC, Captain Denise K. Vowell, JAGC, Captain Mark E. Frye, JAGC (on brief).

Before PAULEY, De GIULIO and KENNETT, Appellate Military Judges.

OPINION OF THE COURT

PER CURIAM:

Pursuant to his pleas, the appellant was convicted of wrongful use of marijuana, wrongful use of cocaine, and false swearing, in violation of Articles 112a and 134, Uniform Code of Military Justice [hereinafter cited as UCMJ], 10 U.S.C. §§ 912a and 934 (Supp. II, 1984 and 1982) respectively. He was sentenced to a bad-conduct discharge, confinement for 90 days, and reduction to Private E–1. The convening authority approved the adjudged sentence, which was more lenient than the terms of the appellant's pretrial agreement.

The appellant raises several assignments of error, only one of which warrants discussion. Appellant alleges, that the military judge erred by failing to advise appellant of his allocution rights and that he was prejudiced as a result. We agree that the military judge's actions constitute error, but find that the appellant was not prejudiced thereby.

■ Manual for Courts-Martial, United States, 1984, Rule for Courts-Martial (RCM) 1001(a)(3) provides: "The military judge shall personally inform the accused of the right to present matters in extenuation and mitigation, including the right to make a sworn or unsworn statement or to remain silent, and shall ask whether the accused chooses to exercise these rights." An omission of the required advice is procedural error. *United States v. Nelson*, 21 M.J. 573, 575 (A.C.M.R.1985). The failure of the military judge to give the required advice requires us to test for specific prejudice to the appellant as a result of this error. UCMJ art. 59(a).[1]

---

**1.** Article 59(a), UCMJ, provides in pertinent part: "A finding or sentence of a court-martial may not be held incorrect on the ground of an error of law unless the error materially prejudices the substantial rights of the accused."

In this case, the military judge conducted a thorough providence inquiry, entered findings, and then in a UCMJ art. 39(a) session, discussed the exhibits to be offered by government and by defense. The defense counsel identified the following exhibits he intended to offer:

Defense Exhibit "A", Letter of Commendation, dated 23 February, 1978; Defense Exhibit "B", an Enlisted Evaluation Report from the period October 1983 through December 1983; Defense Exhibit "C", another Evaluation Report for the period January 1984 through July 1984; Defense Exhibit "D", which is an Army Achievement Medal; Defense Exhibit "E", which is Permanent Orders, 70–1, dated 22 October 1982 for a Good Conduct Medal; Defense Exhibit "F", Letter of Appreciation dated 3 December 1981; Defense Exhibit "G", Certificate of Training for the successful completion of the automated multimedia exchange operator course dated 26 June 1981; Defense Exhibit "H", Letter of Appreciation, dated 6 February 1981; Defense Exhibit "I" A Commendation dated 16 April 1981; Defense Exhibit "J" Letter of Appreciation, undated but coming from Headquarters, US Army, Berlin; Defense Exhibit "K", Letter of Appreciation dated 19 August, 1980; Defense Exhibit "L", Certificate of Training for the Period 1 March through 15 March, 1978.

Defense Exhibits "A" through "L" were admitted by the trial judge without objection by the government. The appellant, assisted by defense counsel, gave an unsworn statement. At no time did the military judge personally advise the accused of his allocution rights.

Although the case *sub judice* is distinguishable from *Nelson*, 21 M.J. 573, where the trial judge gave partial advice as to the allocution rights; we nevertheless find the requirement of testing for specific prejudice equally applicable where the military judge fails to give any advice on allocution

as required by R.C.M. 1001(a)(3).[2] *See United States v. Walker*, 4 M.J. 936, 938 (N.C.M.R.1978), *petition denied*, 6 M.J. 148 (C.M.A.1979) (where military judge failed to advise accused of his right to make an unsworn statement and no indication that accused otherwise knew of that right, but accused did testify in extenuation and mitigation); *United States v. Koek*, 6 M.J. 540 (N.C.M.R.1978) (military judge failed to give required advice, but accused made an unsworn statement, presented a defense witness, and five defense documents); *Cf.* UCMJ art. 59(a).

■ It is clear from the evidence of record that the appellant understood and, in fact, exercised his allocution rights. We find that the appellant suffered no prejudice as to sentencing in this case. The remaining assignments of error are without merit.

The findings of guilty and the sentence are affirmed.

Judge KENNETT took no part in the decision in this case.

---

**2.** A different result may evolve when the record before us does not clearly indicate that the appellant was aware of his rights concerning the presentation of matters in extenuation and mitigation.