**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Armando GARCIA–FLORES,
Defendant–Appellant.**

**No. 89–5625
Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

July 18, 1990.

---

Armando Garcia–Flores, Anthony, N.M., pro se.

LeRoy Morgan Jahn, Philip Police, Asst. U.S. Attys., Helen M. Eversberg, U.S. Atty., San Antonio, Tex., for plaintiff-appellee.

Before WILLIAMS, JOLLY and DUHÉ, Circuit Judges.

PER CURIAM:

### Facts and Proceedings Below

Armando Garcia–Flores pled guilty to conspiring to distribute cocaine. The district court imposed sentence and the defendant did not pursue a direct appeal. Garcia filed a pro se motion to vacate his conviction and sentence under 28 U.S.C. § 2255 on the grounds that (1) the guilty plea had been involuntary, (2) the trial court failed to inform him of his right to appeal his sentence; (3) the sentencing court misapplied the guidelines; (4) Garcia's attorney failed to object to the perceived sentencing errors. The magistrate recommended that Garcia's habeas corpus petition be denied and the district court adopted this recommendation. Garcia now appeals. We af-

firm the district court's decision to deny habeas corpus relief.

### Right to Appeal Sentencing

Garcia has abandoned three of the four issues that he raised below, *see United States v. Prince*, 868 F.2d 1379 (5th Cir.), *cert. denied,* —— U.S. ——, 110 S.Ct. 321, 107 L.Ed.2d 312 (1989) and the only issue he now urges before this Court is that the sentencing court violated Fed.R.Crim.P. 32(a) by failing to apprise him of his right to appeal his sentence when sentence was imposed.

Fed.R.Crim.P. 32(a) states "There shall be no duty on the court to advise the defendant of any right of appeal after sentence is imposed following a plea of guilty or nolo contendere, except that the court shall advise the defendant of any right to appeal the sentence." No such warning was given at sentencing but the sentencing court did mention "should appeals be filed, then the [pre-sentence] report will be made available for review for appellate purposes only." Two months prior to sentencing, at rearraignment, the following exchange occurred between the sentencing court and Garcia:

> THE COURT: A sentence imposed pursuant to the sentencing guidelines may be subject to appellate review. That means that if I sentence you and I don't follow the guidelines, and I give you less sentence than the Government consents—or the guidelines require, the Government may appeal that. And if I give you more than the sentencing guidelines require, you have the right to appeal. Do you understand?
>
> GARCIA–FLORES: Yes, I do.

Garcia concedes that he was informed of his right to appeal the sentence but argues that the warning was deficient for two reasons: (1) he was not informed of his right at sentencing but prior thereto at rearraignment; and (2) the language of the warning was deficient.

 (1) Our cases have never required a strict compliance with Rule 32(a)(2).[1] In

1. Prior to November 1, 1987, Rule 32(a)(2) did not require a court to inform a defendant who

*Godin v. United States,* 495 F.2d 560 (5th Cir.) (per curiam), *cert. denied,* 419 U.S. 995, 95 S.Ct. 308, 42 L.Ed.2d 268 (1974), for example, the court sent a letter informing the defendant of his right to appeal. We held that the defendant need not be informed in open court of this right but must merely be "apprised of his right to appeal in substantial compliance with the rule." *Id.* at 561. In *Chapman v. United States,* 469 F.2d 634 (5th Cir.1972), the defendant was not appraised of this right by the sentencing court. The government argued that this was harmless error because the defendant was notified by his attorney. We agreed and remanded so that it could be determined whether the attorney actually informed the defendant of his right. *Godin* and *Chapman* teach us, therefore, that a violation of Rule 32(a)(2) in the form of notice of right to appeal before rather than after imposition of sentence is harmless so long as the defendant is fully informed of this right. The sentencing court's explanation of defendant's right of appeal given at rearraignment satisfies the rule's dictates.

(2) Nor does the language used by the court violate Rule 32(a)(2). The purpose of the rule is to require the court to notify a defendant of his right to appeal. The language of the court, while not as clear as might be desired, sufficed to inform Garcia of this right. Further, he acknowledged that he understood his right.

### Conclusion

For the foregoing reasons, the judgment of the district court is AFFIRMED.

---

pled guilty of his right to appeal the sentence. *See Marrow v. United States,* 772 F.2d 525, 528–29 (9th Cir.1985). Rule 32(a)(2) has long required, however, the sentencing court to inform a defendant who did not plead guilty of his right to appeal the conviction and sentence. Our cases construing 32(a)(2)'s requirement that the sentencing court inform a defendant who does not plead guilty of his right to appeal are authoritative on the rule's new requirement. What constitutes adequate notice of the right to appeal is the same regardless of whether the defendant pleads guilty or not guilty.