912 F.2d 467
 Unpublished Disposition
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Michael POSNER, Petitioner/Appellant,
v.
UNITED STATES of America, Respondent/Appellee.
 No. 89-3764.
 United States Court of Appeals, Seventh Circuit.
 Argued Aug. 9, 1990.
Decided Aug. 21, 1990.
 
 Before COFFEY and FLAUM, Circuit Judges, and ESCHBACH, Senior Circuit Judge.
 
 ORDER
 
 1
 Petitioner Michael Posner was found guilty of numerous violations of the Travel Act and of conspiracy to violate RICO. His conviction was affirmed on appeal. United States v. Muskovsky, 863 F.2d 1319 (7th Cir.1988). Posner filed a section 2255 habeas corpus petition in district court, alleging that he received ineffective assistance of counsel at trial.
 
 
 2
 Judge Hart, the district court judge who presided over Posner's trial, denied the section 2255 petition without a hearing. Judge Hart issued a well-reasoned and thorough memorandum opinion that considered all of the claims Posner advanced. Our review of the record and the briefs leads us to conclude that Judge Hart correctly decided all of the issues Posner raised.
 
 
 3
 We therefore AFFIRM the district court's decision primarily for the reasons stated therein. A copy of Judge Hart's decision is attached to this order as an appendix.
 
 APPENDIX
 THE UNITED STATES DISTRICT COURT
 FOR THE NORTHERN DISTRICT OF ILLINOIS
 EASTERN DIVISION
 
 4
 UNITED STATES of America, Plaintiff,
 
 
 5
 v.
 
 
 6
 Michael POSNER, Defendant.
 
 No. 88 C 1251 (87 CR 59)
 MEMORANDUM OPINION AND ORDER
 
 7
 This matter is before the court on the motion of defendant Michael Posner for post-conviction relief pursuant to Section 2255, Title 28, United States Code and Rule 33 of the Federal Rules of Criminal Procedure. Posner submitted his original pleadings in this matter raising some of the same grounds in February, 1988. However, that pleading was dismissed without prejudice because he then had a direct appeal pending before the Court of Appeals. Posner had counsel on appeal different from that on trial. His conviction was thereafter affirmed. United States v. Muskovsky, 863 F.2d 1319 (7th Cir.1988), cert. denied, 109 S.Ct. 1345 (1989). He has now renewed his motion for relief under Sec. 2255.
 
 
 8
 Relief including an evidentiary hearing is sought based upon claims of ineffective assistance of counsel and newly discovered evidence.
 
 
 9
 An ineffective assistance of counsel claim requires a showing that representation fell below an objective standard of reasonableness, and there exists a reasonable probability that, but for unprofessional errors, the result of the proceedings would have been different. Strickland v. Washington, 466 U.S. 668, 688, 694 (1984); United States v. Moza-Gomez, 860 F.2d 706, 763 (7th Cir.1988), cert. denied, 109 S.Ct. 3221 (1989). The components of the Strickland analysis are not wholly separate; the prejudice element may be considered without deciding the performance element. United States ex rel. Cross v. DeRobertis, 811 F.2d 1008, 1013-14 (7th Cir.1987).
 
 
 10
 Defendant has no absolute right to an evidentiary hearing merely because he has made factual allegations concerning the performance of counsel. The court's knowledge of the record may be utilized in considering the need for an evidentiary hearing and there is no need for a hearing if the facts alleged do not constitute a basis for granting relief. Aleman v. United States, 878 F.2d 1009, 1012 (7th Cir.1989).
 
 I.
 Waiver
 
 11
 The government argues that Posner has waived any claim for ineffective assistance of counsel because, even though he believed counsel was deficient, he failed to so inform the trial court or discharge his attorney. The government relies on Dorminey v. United States, 546 F.Supp. 702, 706 (M.D.Ga.1982), and Chapman v. United States, 469 F.2d 634, 636-37 (5th Cir.1972). In Dorminey, the defendant failed to complain about his counsel's alleged drunkenness at trial, which is a deficiency more apparent to a lay person than are the alleged deficiencies of Posner's counsel. In Chapman, the Fifth Circuit indicated defendants have a duty to notify the courts of an inadequacy on the part of counsel. The court further indicated, though, that waiver will not be assumed unless the facts clearly support such an assumption and that, ordinarily, an evidentiary hearing is required to consider the defendant's knowledge and understanding of his rights. In the present case, waiver cannot be assumed. It is therefore unnecessary to conclusively determine if waiver can occur due to failure to inform the trial judge about counsel's inadequacies.
 
 
 12
 The government also argues that failure to raise ineffective assistance of counsel on direct appeal waived any such claim. Such waiver, however, only occurs when a defendant fails to raise an issue that could have been raised. See Qualls v. United States, 774 F.2d 850, 851 (7th Cir.1985). Some of the alleged grounds for ineffective assistance, e.g. failure to find additional witnesses, could not have been raised on direct appeal because factual support did not yet exist in the record. It is unnecessary to determine which issues could have been raised on direct appeal and therefore were waived since all claims are otherwise dismissed on their merits.
 
 II.
 Ineffective Assistance of Counsel
 
 13
 Posner was defended by a former Assistant United States Attorney who has an excellent reputation as a successful criminal defense lawyer. The defense, apparently financed by Posner, was conducted jointly with co-defendant Sidney Muskovsky who the evidence showed was a paid employee reporting to Posner day to day as manager of the Roman House. The evidence was overwhelming that the Roman House was a house of prostitution. Numerous patron witnesses testified to having paid large sums of money for acts of prostitution.
 
 
 14
 Posner complains that his trial counsel filed only one pretrial motion and no "in trial" or post-trial motions; that he tendered no jury instructions; failed to interview any of 170,000 customers of the Roman House; failed to interview former employees who should have been called as witnesses; failed to call M. Shapiro as a witness; and failed to prepare properly for trial.
 
 
 15
 Posner fails to note that his trial counsel, together with Messrs. Mulroy and Brohman of the law firm of Jenner & Block who appeared for co-defendant Muskovsky, filed 26 joint pretrial motions and filed a joint written motion for judgment of acquittal. Numerous oral motions were made during the trial. Posner fails to show either a lack of professionalism or prejudice with respect to the many motions.
 
 
 16
 Co-counsel offered numerous jury instructions on behalf of defendants. Posner's trial counsel participated in argument with respect to jury instructions. The only specific instruction which Posner asserts should have been offered, that was not, is a "continuity plus relationship instruction," in connection with RICO charges. The failure to give such an instruction was raised on direct appeal and held not to be plain error. Numerous acts of prostitution were proven in this case which demonstrated that "the jury necessarily found the continuity and relationship among the predicate acts necessary to support a RICO conviction." Muskovsky, 863 F.2d at 1329.
 
 
 17
 Trial counsel's failure to interview any of the 170,000 customers of the Roman House is not shown to be prejudicial. Posner does not name any specific customers who should have been called nor does he specify any testimony not already elicited from defense witnesses which other customer witnesses might provide. It was conceded by the government that not every patron of the Roman House received prostitution services. Some came only to observe nude dancing and talk to "mixers." The government conceded this in its opening statement. The defense examined at least eight witnesses who testified that they spent large sums of money without receiving sexual services. Cumulative evidence of such a kind would not have affected the outcome.
 
 
 18
 The Roman House employees, including co-defendant Muskovsky, testified at the trial that it was against the rules of the Roman House for employees to engage in acts of prostitution. Even if Posner could point to more former employees who could provide the same testimony, such evidence would be cumulative and would not present a reasonable probability of acquittal sufficient to undermine confidence in the verdict.
 
 
 19
 No affidavit as to what would be the testimony of M. Shapiro has been provided; however, it is suggested that Shapiro spoke to the now deceased Michael Spilotro. Spilotro is said to have told Shapiro that he spoke to Damron and Transeth (undercover government agents) who admitted that they knew the Roman House was only "a bustout joint" and that they wanted to turn it into a house of prostitution. Posner suggests that this evidence would have contradicted the agents' trial testimony. Shapiro's testimony is inadmissible hearsay and cannot be the basis for a new trial. United States v. Mackin, 561 F.2d 958, 961 (D.C.Cir.), cert. denied, 434 U.S. 959 (1977). Moreover, at the trial in this case the court granted defendants' motion to exclude from this trial any reference to Michael Spilotro and his brother Anthony, well-known members of organized crime whose murders in May 1986 received wide publicity. Failure to present this Shapiro testimony was not prejudicial.
 
 
 20
 Posner contends that trial counsel did not properly prepare for trial and refused to analyze FBI interviews of government witnesses. FBI interview evidence was utilized by trial counsel who vigorously cross-examined on the basis of the interview evidence. The cross-examination was competent. Preparation was more than adequate.
 
 III.
 Newly Discovered Evidence
 
 21
 It is also contended that Posner is entitled to a new trial because of the alleged statements made by undercover agents Damron and Transeth to the now deceased Michael Spilotro; because witness Nancee Heinz's alleged status as a government informant was not disclosed; and because witness Nada Lout's grant of immunity by the State of Illinois and her testimony for the State in another criminal case was not disclosed.
 
 
 22
 In order to obtain a new trial on the basis of newly discovered evidence a defendant must show that the evidence came to his knowledge only after trial; could not have been discovered sooner with due diligence; that it is material and not merely impeaching or cumulative; and that it would probably lead to acquittal in a retrial. United States v. Hedman, 655 F.2d 813, 814 (7th Cir.1981); United States v. Oliver, 683 F.2d 224, 228 (7th Cir.1982).
 
 
 23
 As described above, the testimony of M. Shapiro is both inadmissible and useful only as impeachment.
 
 
 24
 Attached to the government's response is an affidavit that Nancee Heinz was not a government informant. Posner provides no support for his claim that Heinz was an informant.
 
 
 25
 Nada Louts testified under a disclosed grant of immunity from the government. She also was cross-examined on her work as a prostitute at Club Taray which was also the subject of her testimony in a State of Illinois case. A grant of immunity given to her for testimony in the state case was not material. Moreover, there is no probability that the disclosure of such immunity--which would be impeachment--would affect the outcome of Posner's case.
 
 
 26
 IT IS THEREFORE ORDERED that the motion for a post judgment hearing and relief is denied.
 
 
 27
 The Clerk of the Court is directed to enter a judgment denying the motion of defendant Michael Posner for relief pursuant to Section 2255, Title 28, United States Code, with prejudice.
 
 ENTER:
 
 28
 /s/ William T. Hart
 
 UNITED STATES DISTRICT JUDGE
 Dated: NOVEMBER 28, 1989