**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

_____

No. 99-60344
Summary Calendar

_____

UNITED STATE OF AMERICA,

Plaintiff-Appellee,

versus

CLIFTON ANDERSON, JR.,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 3:97-CV-202-S
USDC No. 96-CR-85

_____

January 3, 2000

Before HIGGINBOTHAM, DeMOSS, and STEWART, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Clifton Anderson, Jr. (Anderson) appeals the district court's order

denying his post-conviction motion under 28 U.S.C. § 2255. Anderson contends that the district

court abused its discretion in not holding an evidentiary hearing and that his attorney was ineffective

in failing to file a notice of appeal.

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

A district court may dispose of a defendant's § 2255 motion without an evidentiary hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." United States v. Drummond, 910 F.2d 284, 285 (5th Cir. 1990). A hearing on ineffective assistance claims is unnecessary, however, "when the petitioner's allegations are 'inconsistent with his conduct' and when he does not offer detailed and specific facts surrounding his allegations." United States v. Smith, 915 F.2d 959, 964 (5th Cir. 1990); see also Friedman v. United States, 588 F.2d 1010, 1015 (5th Cir. 1979).

The district court noted that Anderson's § 2255 motion and supporting affidavit alleged differing dates with respect to when he was sentenced and when he tried to reach his counsel. The inconsistencies in these *pro se* pleadings are cured by Anderson's traverse, however, which stated that Anderson's reference to January 20, 1997, as his sentencing date in his § 2255 motion, was a typographical error and further, that both of his affidavits (supporting his motion and his traverse) point to his attempting to contact counsel "beginning on the date of his sentencing [January 23, 1997], and continuing through April 1997." Jackson v. Reese, 608 F.2d 159 (5th Cir. 1979). This court assumes that the phrase "continuing through April 1997" was intended to mean that he made calls through March 1997 or *until* April 1997 as Anderson has never alleged that he made any calls to his counsel in April of 1997.

The record also does not demonstrate conclusively that Anderson's § 2255 motion was inconsistent with his conduct such that he waived his right to appeal. Chapman v. United States, 469 F.2d 634, 637 (5th Cir. 1972). While Anderson alleged that the district court advised him of the 10-day time limit to file an appeal, the record indicates that Anderson did not obtain this information from the district court. As such, it is not clear how or when Anderson learned of this time limitation. As noted by this court in Childs v. Collins, once a defendant is "properly advised of his right to

appeal," then it is up to the defendant to assert the right either to the court or to his counsel. 995 F.2d 67, 68 n.1 (5th Cir. 1993). There is a question in this case regarding whether Anderson was "properly advised" of the specific procedures, including the time limits, for filing an appeal. Accordingly, because it is not clear how and when Anderson was advised of the 10-day time limitation, the record does not conclusively demonstrate that he intended to waive his right to appeal. Chapman, 469 F.2d at 637.

Finally, the district court noted that Anderson had not alleged that he relied on his counsel to file his appeal. See United States v. Gipson, 985 F.2d 212, 217 n.7 (5th Cir. 1993) (defendant waives his right to appeal if he does not rely upon his counsel to file such notice). There is evidence in the record to suggest that Anderson relied on his counsel to file his appeal. The "Conclusion" to his § 2255 motion stated that "he was depending on [ ] counsel." Whether or not it was *reasonable* for Anderson to rely on counsel when he was unable to reach him after a couple of attempts and whether Anderson should have contacted the district court as an alternative route to file his appeal may depend, however, at least in part, on when and how Anderson learned of the 10-day time limitation.

The district court's judgment is VACATED, and this case is REMANDED to the district court for further proceedings to develop the facts relating to Anderson's claim that he was denied his right to a direct appeal due to ineffective assistance of counsel.

VACATED AND REMANDED.