IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-30429
Summary Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

MACK F. SLATE,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 02-CV-0077
     No. 00-CR-20058-6
--------------------
September 9, 2002

Before JOLLY, DAVIS and PARKER, Circuit Judges.

PER CURIAM:*

    Mack F. Slate, federal prisoner #10720-035, has filed a motion for a certificate of appealability (COA) to appeal the district court's denial of his 28 U.S.C. § 2255 motion and a motion to proceed *in forma pauperis* (IFP) on appeal.  Slate's 28 U.S.C. § 2255 motion challenged his convictions for intent to distribute over 50 grams of cocaine base and aiding and abetting

_____

    * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

others and knowingly and intentionally distributing 56.02 grams of cocaine base. To obtain a COA, Slate must make a substantial showing of the denial of a constitutional right. See 28 U.S.C. § 2253(c)(2).

Slate argues that his counsel was ineffective for failing to file a notice of appeal after he specifically requested that he do so. He asserts that he continuously asked counsel to file a notice of appeal, that counsel lied to him and told him the appeal had been filed, and that he did not know that counsel was lying until he called this court and found out no notice of appeal had been filed. With the exception of similar allegations to the district court that he requested an appeal on the day of sentencing and that counsel agreed to file an appeal, these facts were not alleged before the district court, and therefore, they will not be considered by this court. See Whitehead v. Johnson, 157 F.3d 384, 387-88 (5th Cir. 1998); Theriot v. Parish of Jefferson, 185 F.3d 477, 491 n.26 (5th Cir. 1999). Moreover, as Slate seeks a COA only with respect to his ineffective-assistance-of-counsel claim, his claim that 21 U.S.C. § 841 is unconstitutional has been waived. See Hughes v. Johnson, 191 F.3d 607, 613 (5th Cir. 1999).

The record in this case does not demonstrate conclusively that Slate is not entitled to relief. The record indicates that counsel did not file a notice of appeal and that counsel did not seek to withdraw from representation of Slate. It cannot be

conclusively determined from the record whether Slate instructed his counsel to file an appeal. Neither can it be determined from the record whether Slate was informed by his counsel that he could file a *pro se* notice of appeal within ten days of the court's judgment. See Childs v. Collins, 995 F.2d 67, 69 (5th Cir. 1993). Finally, the record does not demonstrate conclusively that Slate waived his right to appeal. See Chapman v. United States, 469 F.2d 634, 636-37 (5th Cir. 1972).

Because the record presented does not conclusively establish that Slate is not entitled to relief, the district court erred in failing to conduct an evidentiary hearing. United States v. Bartholomew, 974 F.2d 39, 41 (5th Cir. 1992). COA is therefore GRANTED with respect to Slate's ineffective-assistance-of-counsel claim, and the judgment of the district court is VACATED, and the case is REMANDED to the district court for further proceedings consistent with this opinion. See Dickenson v. Wainwright, 626 F.2d 1184, 1186 (5th Cir. 1980). Slate's IFP motion is GRANTED.

COA GRANTED AS TO INEFFECTIVE-ASSISTANCE-OF-COUNSEL CLAIM; IFP GRANTED; VACATED AND REMANDED.