**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**James Allen STRAHL, Defendant–
Appellant.**

**No. 90–4116.**

United States Court of Appeals,
Tenth Circuit.

March 4, 1992.

Dee Benson, U.S. Atty., Gordon Campbell, Asst. U.S. Atty., Salt Lake City, Utah, for plaintiff-appellee.

James Allen Strahl, pro se.

Before SEYMOUR, EBEL, Circuit Judges, and BABCOCK,* District Judge.

BABCOCK, District Judge.

Defendant appeals from the district court's denial of his Fed.R.Crim.P. 35(a) motion to correct an illegal sentence, challenging the sentence imposed upon his conviction for possession of firearms by a felon, 18 U.S.C. § 922(g), and enhanced under 18 U.S.C. § 924(e).[1] The primary issue presented by this appeal is whether the district court erred in enhancing Defendant's sentence based upon a prior Utah conviction for attempted burglary and a prior California conviction for burglary. We reverse the district court's decision and remand for resentencing.

■ A threshold issue presented is whether this court, has jurisdiction to consider the merits of this appeal. *See McGeorge v. Continental Airlines, Inc.*, 871 F.2d 952, 953 (10th Cir.1989) (appellate court has duty to inquire into its own jurisdiction). The district court filed its order denying Defendant's Rule 35 motion on July 19, 1990. Several days later, Defendant filed a reply to Plaintiff's response to that motion, apparently unaware that the district court had already denied relief. Upon receiving notice of the district court's order, Defendant filed a motion for reconsideration on July 25, and again on July 27, requesting the district court reconsider its order in light of Defendant's reply before finally ruling on the motion. On July 30,

with his motions for reconsideration still pending, Defendant filed a notice of appeal from the district court's order denying relief. On August 2, the district court granted the motions for reconsideration and reviewed Defendant's reply, but again denied relief. Defendant never filed a second notice of appeal following the district court's August 2 order. Nonetheless, because the motions for reconsideration tolled the time for filing the notice of appeal, those motions held the prematurely filed notice of appeal in abeyance. *See United States v. Jackson*, 950 F.2d 633, 634–35 (10th Cir. 1991). Plaintiff's notice of appeal became effective upon the district court's disposition of the motions to reconsider. *Id.* at 635. This court, therefore, has jurisdiction to consider the merits of Defendant's appeal.

On March 16, 1988, Defendant entered a guilty plea to possession of firearms after having been convicted of a felony, in violation of 18 U.S.C. § 922(g) (Supp.1987). A defendant convicted under § 922(g) is subject to a term of imprisonment for not more than five years. 18 U.S.C. § 924(a) (Supp. 1987) (subsequently amended). A sentence imposed for the violation of § 922(g), however, may be enhanced under § 924(e) if the defendant has had "three previous convictions ... for a violent felony or a serious drug offense, or both." 18 U.S.C. § 924(e)(1) (Supp.1987). Relying on Defendant's 1968 California conviction for burglary, 1975 Utah conviction for attempted burglary of a dwelling, and 1979 Utah conviction for burglary of a dwelling, the district court enhanced Defendant's sentence under § 924(e), imposing a sentence of fifteen years' imprisonment without possibility of parole.

Defendant filed this Rule 35 motion, challenging the district court's use of the Utah conviction for attempted burglary to enhance his sentence. The district court denied the motion. Defendant appeals, chal-

---

* Honorable Lewis T. Babcock, District Judge, United States District Court for the District of Colorado, sitting by designation.

1. After examining the briefs and appellate record, this panel has determined unanimously

that oral argument would not materially assist the determination of this appeal. *See* Fed. R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.

lenging the district court's reliance on both the Utah attempted burglary conviction and the California burglary conviction to enhance his sentence. We review the district court's decision de novo. *See United States v. Barney*, 955 F.2d 635, at 638 (10th Cir.1992).

■ A preliminary issue presented by this appeal is whether this court can consider Defendant's argument challenging the use of the California burglary conviction to enhance his sentence, raised for the first time on appeal. This court will ordinarily not consider an argument not presented initially to the district court, except under exceptional circumstances or where necessary to prevent manifest injustice. *See, e.g., Doelle v. Mountain States Tel. & Tel.*, 872 F.2d 942, 944 n. 4 (10th Cir.1989). Because the issue presented here for the first time raises a compelling challenge to a term of imprisonment, because the legal precedent Defendant asserts in support of his argument did not exist until after he filed his notice of appeal in this case, and because this court's consideration of the issue would, in any event, be de novo, we will consider the merits of this argument.

> Section 924(e)(1)(Supp.1987) provides that [i]n the case of a person who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or a serious drug offense, or both, such person shall be fined not more than $25,000 and imprisoned not less than fifteen years, and, notwithstanding any other provision of law, the court shall not suspend the sentence of, or grant a probationary sentence to, such person with respect to the conviction under section 922(g), and such person shall not be eligible for parole with respect to the sentence imposed under this subsection.

Section 922(g)(1)(Supp.1987) refers to convictions in any court of a crime punishable by imprisonment for a term exceeding one year. Section 924(e)(2)(B)(Supp.1987) defines "violent felony" as

> any crime punishable by imprisonment for a term exceeding one year that—

> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or

> (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

The question presented by Defendant's challenge to the use of his California burglary conviction is whether the California conviction falls within the term burglary as used in § 924(e): "unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime." *Taylor v. United States*, 495 U.S. 575, 110 S.Ct. 2143, 2158, 109 L.Ed.2d 607 (1990). In determining whether the state burglary conviction comes within this definition, Congress intended a categorical approach, focusing on the statutory elements of the state offense rather than the particular facts underlying that specific conviction. *Id.* 110 S.Ct. at 2159–60.

The California burglary statute, Cal. Penal Code § 459, defines burglary in terms broader than the *Taylor* Court's definition, "[b]oth because it extends beyond buildings and structures and because it does not require entry to be unlawful." *United States v. Bermudez*, 744 F.Supp. 217, 220 (C.D.Cal.1990). *See Taylor*, 110 S.Ct. at 2158–59 ("A few States' burglary statutes ... define burglary more broadly, *e.g.*, by eliminating the requirement that the entry be unlawful, or by including places, such as automobiles and vending machines, other than buildings.").

■ In the narrow range of cases where the state burglary statute defines burglary in terms more expansive than § 924(e)'s definition of burglary, however, the sentencing court may go beyond the fact of conviction and look to the charging document and the jury instructions underlying that conviction in order to determine the elements of the offense necessarily established by the conviction. *Taylor*, 110 S.Ct. at 2160.

[T]he only plausible interpretation of § 924(e)(2)(B)(ii) is that, like the rest of

the enhancement statute, it generally requires the trial court to look only to the fact of conviction and the statutory definition of the prior offense. This categorical approach, however, may permit the sentencing court to go beyond the mere fact of conviction in a narrow range of cases where a jury was actually required to find all the elements of generic burglary. For example, in a State whose burglary statutes include entry of an automobile as well as a building, if the indictment or information and jury instructions show that the defendant was charged only with a burglary of a building, and that the jury necessarily had to find an entry of a building to convict, then the Government should be allowed to use the conviction for enhancement. *Taylor*, 110 S.Ct. at 2160 (footnote omitted).

■ Defendant asserts, however, that, because he entered a guilty plea to the California burglary charge, rather than being convicted by a jury, the sentencing court's consideration of this conviction is outside that "narrow range of cases" referred to by the *Taylor* Court. Defendant argues that the sentencing court, therefore, is precluded from going beyond the fact of conviction to determine if his California burglary conviction rested on circumstances within *Taylor*'s definition of burglary because there are no jury instructions for the sentencing court to review. We disagree. "[W]here enhancement is sought on the basis of a conviction obtained through a guilty plea, the sentencing court may look to the underlying indictment or information and the text of the guilty plea to determine whether the defendant was charged with and admitted conduct which falls without question within the ambit of *Taylor*'s generic definition." *Barney*, at 639.

■ The district court, therefore, erred in using Defendant's burglary conviction under the overly broad California statute to enhance his sentence without first determining the elements necessarily established by that conviction. *See id.* at 640 ("[I]f [the] defendant pled guilty to charges sup-

ported by informations which satisfy *Taylor*'s definition, those convictions could properly count toward enhancement."). Ordinarily, we would vacate the district court's denial of the Rule 35 motion and remand this cause to the district court to make this determination in the first instance. Plaintiff, however, has submitted to this court a copy of the California charging document, which Defendant has not challenged. We will, therefore, review that document to determine whether the elements necessarily established by Defendant's guilty plea and conviction met the generic definition of burglary under § 924(e). *See United States v. Payton*, 918 F.2d 54, 56 (8th Cir.1990).

The criminal information underlying the California burglary conviction charged Defendant with entering an occupied store and building "with the intent then and there and therein unlawfully and feloniously to commit a felony and theft." Although the information indicates that Defendant's California conviction was based on the burglary of a building, the information does not indicate whether Defendant's entry into the building was unlawful or unprivileged. *See Taylor*, 110 S.Ct. at 2158. The California burglary statute does encompass conduct involving both lawful and unlawful entry; for example, the statute proscribes "entry of a store during hours when it is open to the public, with the intent to commit theft (i.e., shoplifting)." *United States v. Chatman*, 869 F.2d 525, 529 n. 2 (9th Cir.1989) (citing *People v. Wilson*, 160 Cal.App.2d 606, 325 P.2d 106 (Cal.Ct.App.1958)). Because we cannot determine from the charging document whether Defendant's California burglary conviction was based on the unlawful or unprivileged entry of a building, we cannot say that this conviction was for conduct falling within the *Taylor* Court's generic definition of burglary. *See Barney*, at 640. The district court, therefore, erred in using Defendant's California burglary conviction to enhance his sentence under § 924(e)(2)(B)(ii). *See Barney*, at 640 n. 4 ("In all cases, [the information] must establish, without question, that the conviction fulfills the elements required by

*Taylor* in order for the conviction to count toward enhancement.").

■ The next issue presented is whether the district court erred in using Defendant's Utah attempted burglary conviction to enhance his sentence under § 924(e). Because Defendant does not challenge the use of his Utah burglary conviction to enhance his sentence, we do not have occasion to address whether a burglary conviction under Utah Code Ann. § 76–6–202(1) falls within the *Taylor* Court's definition of burglary under § 924(e)(2)(B)(ii).

The district court determined that the Utah attempted burglary conviction was a violent felony because it was a conviction for a crime which "involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B)(ii). Again employing a categorical approach to the question of whether the district court erred in determining that this conviction was for a violent felony under § 924(e)(2)(B)(ii), we focus on the statutory elements of the offense rather than the specific conduct underlying this particular conviction.

The Utah burglary statute provides that "[a] person is guilty of burglary if he enters or remains unlawfully in a building or any portion of a building with intent to commit a felony or theft or commit an assault on any person." Utah Code Ann. § 76–6–202(1).

> [A] person is guilty of an attempt to commit a crime if, acting with the kind of culpability otherwise required for the commission of the offense, he engages in conduct constituting a substantial step toward commission of the offense.... [C]onduct does not constitute a substantial step unless it is strongly corroborative of the actor's intent to commit the offense.

Utah Code Ann. § 76–4–101(1) and (2).

Plaintiff argues that, because Congress specifically included burglary as a violent felony under § 924(e)(2)(B)(ii), it follows that attempted burglary must be considered a crime which "otherwise involves conduct that presents a serious potential risk of physical injury to another." Con-

gress enacted the original version of § 924, 18 U.S.C.App. § 1202(a) (Supp.1985), in 1984, in an effort to target armed career criminals for stiffer sentences. *See Taylor*, 110 S.Ct. at 2149 (citing H.R.Rep. No. 98–1073, 98th Cong., 2d Sess. 1, 3). That version of the enhancement statute included only burglary and robbery as predicate offenses. *See Taylor*, 110 S.Ct. at 2149.

In 1986, Congress recodified § 1202(a) as § 924(e). *See Taylor*, 110 S.Ct. at 2150. Five months later, Congress amended § 924(e) to the version applicable to Defendant's conviction. *See Taylor*, 110 S.Ct. at 2150. In enacting this amendment, Congress shifted the focus of the predicate offenses toward violent crimes and "serious" drug offenses. *See id.* One of the issues Congress debated in its efforts to amend § 924(e) was whether burglary should remain a predicate offense in light of this new focus on violence and drugs. *See Taylor*, 110 S.Ct. at 2150–52, 2153. Congress eventually decided to retain burglary as a predicate offense, both because burglary is an offense often committed by career criminals, who remained targets of the enhanced sentences, and because of the high risk of violent confrontation inherent in the crime of burglary. *See id.* at 2152–53.

The Supreme Court noted that Congress included most burglary convictions as predicate offenses even though use of physical force or threat of violence did not play a part in every burglary. *Id.* at 2153, 2157–58.

> Congress apparently thought that all burglaries serious enough to be punishable by imprisonment for more than a year constituted a category of crimes that shared this potential for violence, and that were likely to be committed by career criminals. There never was any proposal to limit the predicate offense to some special subclass of burglaries that *might be especially dangerous*, such as those where the offender is armed, or the building is occupied, or the crime occurs at night.

*Taylor*, 110 S.Ct. at 2153.

Significantly, Congress did not specifically include convictions for attempts to com-

mit burglary as predicate offenses for sentence enhancement under § 924(e). Yet, in the language immediately preceding the burglary provision, Congress did expressly include "attempted use ... of physical force" as a predicate offense to enhancement. 18 U.S.C. § 924(e)(2)(B)(i). Further, in two previous versions of the Armed Career Criminal Act that were passed by the Senate but never enacted into law, the predicate offenses specifically included attempted burglaries. *See* 130 Cong.Rec. 3,100 (1984) (Senate bill 52 provided federal criminal offense for "[w]hoever carries a firearm during the commission of a robbery or burglary offense ..., or attempts or conspires to do so," after two prior convictions for "any robbery or burglary offense, or a conspiracy or attempt to commit such an offense"); 128 Cong.Rec. 26,-436 (1982) (Senate bill 1688 provided federal criminal offense for "[a]ny person who while he or any other participant in the offense is in possession of or has readily available any firearm or imitation thereof, commits, or conspires or attempts to commit robbery or burglary ..." after two prior convictions for "robbery or burglary, or an attempt or conspiracy to commit such an offense").

We cannot conclude that Congress intended implicitly to include attempted burglary as a violent offense when it specified burglary as a violent felony under § 924(e)(2)(B)(ii). If Congress intended attempted burglary to be a predicate offense, therefore, it must fall within the category of offenses which "otherwise involve[ ] conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B)(ii).

Defendant asserts that, while some attempted burglaries will present substantial risk of physical injury to another person, many will not. *Cf. United States v. Hunt,* 893 F.2d 1028, 1031 n. 4 (9th Cir.1990) (while court expressed no opinion as to whether conviction under Oregon first degree burglary statute might be conviction for conduct which involves serious potential risk of physical harm to others, court noted that conviction under that statute could be obtained for possessing burglary tools, "a circumstance which would not appear to involve the serious risk of physical injury to another"), *withdrawn on reh'g,* 925 F.2d 1181 (9th Cir.), *cert. denied,* — U.S. —, 112 S.Ct. 107, 116 L.Ed.2d 77 (1991). For example, an attempted burglary conviction may be based upon conduct such as making a duplicate key, "casing" the targeted building, obtaining floor plans of a structure, or possessing burglary tools. Although the state must establish, in order to obtain a conviction for attempted burglary under Utah Code Ann. § 76–4–101, that the defendant took these steps "with the kind of culpability otherwise required" for the commission of a burglary, these offenses do not necessarily present circumstances which create the high risk of violent confrontation inherent in a completed burglary.

Attempted burglary convictions under Utah law, thus, may include conduct well outside § 924(e)'s target of "violent" felonies. *United States v. Sherbondy,* 865 F.2d 996, 1011 (9th Cir.1988) ("[A]lthough Congress wanted to deal with a few specific types of property crime in section 924, it made manifest its desire not to have lesser property offenses deemed 'violent felonies.' "). Section 924(e)(2)(B)(ii) "should be construed narrowly and applied only to those categories of offenses which clearly meet the statutory test. Where a category is overly broad or inclusive, subsection (ii) is not applicable." *Sherbondy,* 865 F.2d at 1011.

We, therefore, determine that a conviction under Utah Code Ann. §§ 76–4–101 and 76–6–202 for attempted burglary is not a conviction for an offense which "otherwise involves conduct that presents a serious potential risk of physical injury to another." The district court, therefore, also erred in relying upon Defendant's Utah conviction for attempted burglary as one of the three predicate offenses necessary to enhance Defendant's sentence under § 924(e).

The order of the district court denying Defendant's Rule 35 motion to correct his sentence is REVERSED, and the cause is

REMANDED for resentencing in accordance with this opinion.