25 F.3d 1058
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Michael Alan BROWN, Defendant-Appellant.
 No. 93-8091.
 United States Court of Appeals,
Tenth Circuit.
 June 7, 1994.
 
 1
 Before ANDERSON and KELLY, Circuit Judges, and BELOT,** District Judge.
 
 ORDER AND JUDGMENT[1]
 
 2
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 3
 Defendant Michael Alan Brown appeals from the district court's denial of his motions pursuant to 28 U.S.C. 2255 to withdraw his guilty plea and to vacate his sentence.[2] For the reasons stated below, we affirm the district court's decision not to allow defendant to withdraw his guilty plea, but we remand for resentencing.
 
 
 4
 * As part of a plea agreement, defendant agreed to plead guilty to unlawful possession of a sawed-off shotgun in violation of 26 U.S.C. 5841, 5845, 5861(d), and 5871. In return, the government agreed to recommend a two-level reduction in offense level for acceptance of responsibility, a one-level reduction for assistance to authorities if defendant gave a complete and truthful interview to the government, and a sentence to be served concurrently with the state sentence defendant was then serving. Also as part of the agreement, defendant acknowledged that the district judge was not bound by the agreement.
 
 
 5
 At defendant's plea hearing, the district court determined that there was a factual basis for the guilty plea and solicited information from defendant for determining whether the plea was knowing and voluntary. As part of that colloquy, defendant stated he understood that the court was not bound by the plea agreement. R. Vol. II at 9. The court did not specifically advise defendant, as required by Fed.R.Crim.P. 11(e)(2), that if the court did not accept the government's sentencing recommendation, defendant nonetheless had no right to withdraw his plea. The court found that the plea was voluntary and accepted it.
 
 
 6
 At the sentencing hearing two months later, the district court stated that after reviewing the presentence report, it concluded that defendant's criminal history was underrepresented under the sentencing guidelines and that an upward departure in the range of 84 to 105 months was warranted. R. Vol. III at 9-13. The court then asked defendant whether he wanted to withdraw his plea, and defendant declined. Id. at 19. The court sentenced defendant to 105 months. In setting this sentence, the court granted defendant the two-level reduction for acceptance of responsibility, but not the one-level reduction for cooperation with authorities recommended by the government. In addition, the court made the sentence consecutive to, rather than concurrent with, defendant's state sentence.[3]
 
 
 7
 Eight months after the sentencing hearing, defendant filed pro se the instant motion to withdraw his guilty plea on the general grounds that his plea was not knowing and voluntary and his counsel was ineffective. At the same time, he filed his motion to vacate his sentence on the basis that the presentence report contained a number of errors. He claimed that his counsel represented to him that the plea agreement recommended a three-year sentence and that the maximum sentence if the court did not accept the sentence was 51 to 71 months. He also claimed that his counsel said it would be very unlikely that the court would not follow the plea agreement, and that he pleaded guilty with this understanding. The motion also identified a number of claimed errors in the presentence report that defendant contended were not noted earlier because of his counsel's ineffectiveness. He also claimed that he did not know he had a right to appeal after being sentenced. After a hearing at which defendant and his former counsel testified, the court denied the motions and appointed counsel for defendant for this appeal.
 
 
 8
 On appeal, defendant raises seven claims of error: (1) the district court violated Rule 11(e)(2) and U.S.S.G. 6B1.1 when it failed to advise defendant that he could not withdraw his guilty plea in the event the court rejected the sentencing recommendations in the plea agreement and his plea was therefore not knowing and voluntary; (2) the court erred by failing to adequately explain the degree of upward departure; (3) the court erred when it sentenced defendant as a career offender; (4) the government breached the plea agreement by failing to state its sentencing recommendations at the sentencing hearing; (5) defendant was denied due process when the presentence report failed to identify a particular alternative guideline range and the court failed to give notice of the upward departure; (6) the court's finding that defendant did not provide substantial assistance was clearly erroneous; and (7) the court violated the sentencing guidelines by using information obtained from defendant's debriefing in reaching its sentencing determination.
 
 II
 
 9
 The government contends at the outset that under United States v. Frady, 456 U.S. 152 (1982), defendant is procedurally barred from review of these claims because he failed to take a direct appeal and has not shown the necessary cause and prejudice justifying his collateral attack on his conviction and sentence. As defendant correctly points out, however, the government did not raise its Frady defense in the district court. It therefore is not entitled to disposition of this case on that ground, and we elect not to address its Frady defense. See United States v. Allen, 16 F.3d 377, 379 (10th Cir.1994).[4]
 
 
 10
 For his part, however, defendant never raised during his guilty plea and sentencing proceedings, nor as part of his 2255 proceedings, any of the issues he now raises on appeal. "Normally, failure to alert the trial court to an error precludes review of that same issue by this court." United States v. Saucedo, 950 F.2d 1508, 1511 (10th Cir.1991) (quotation omitted). As an exception to this general rule, we will consider plain errors affecting substantial rights even though they were not brought to the district court's attention, id., particularly where our review is de novo, United States v. Strahl, 958 F.2d 980, 983 (10th Cir.1992).
 
 
 11
 Plaintiff's claim that his guilty plea was not knowing and voluntary does not rise to the level of plain error.[5] We therefore decline to consider it. As discussed below, however, some of the district court's sentencing determinations involving upward departure do amount to plain error warranting consideration and relief on appeal.
 
 III
 
 12
 Defendant's presentence report indicated that his base offense level was eighteen, including a two-point departure for acceptance of responsibility, and that he had fourteen criminal history points, placing him in criminal history category VI. The applicable sentencing range under the guidelines was 57 to 71 months. The report stated that the court might want to consider departing upwardly from the guidelines because defendant's criminal history category did not adequately reflect the seriousness of his past criminal conduct or the likelihood he would commit other crimes. The report noted that there were a possible twenty-five additional criminal history points that were not counted under the guidelines covering related cases. See U.S.S.G. 4A1.2(a)(2).[6] Extrapolating from the guidelines' criminal history categories, the report provided a table listing sentence ranges for eight hypothetical categories above category VI. Defendant's sentencing memorandum objected generally to upward departure and in particular to the extrapolation method and consideration of related cases.
 
 
 13
 At the sentencing hearing, the district court agreed that defendant's criminal history category significantly underrepresented the seriousness of his criminal history and the likelihood he would commit further crimes, and concluded that upward departure was warranted. R. Vol. III at 10. Counting only seven of the report's twenty-five uncounted points, the court stated that the extrapolation method provided an alternative range of 70 to 87 months. Id. However, without stating specific reasons, the court found the extrapolation method "troublesome," and determined that regarding defendant as a career offender provided a better basis for upward departure. Id. at 11. It found that defendant met the career offender requirements because the instant offense was a crime of violence and defendant had at least two prior felony convictions for crimes of violence. Id. at 11-12; see also U.S.S.G. 4B1.1. (Defendant was nineteen years old at the time of the instant offense, thus meeting the third requirement for career offender status.) Because the statutory maximum sentence was ten years, the court determined that defendant's offense level was twenty-four. See id. 4B1.1(E). Awarding defendant the two-level reduction for acceptance of responsibility, but no reduction for cooperation with authorities, the court computed an offense level of twenty-two, which, combined with a criminal history category of VI, resulted in an alternative guideline range of 84 to 105 months. R. Vol. III at 12-13. Concluding that defendant was a recidivist and a danger to society and that the only thing it could do was to incarcerate defendant for as long as it possibly could, the court sentenced him to 105 months, to be served consecutively to his state sentence. Id. at 20-23.
 
 
 14
 The sentencing guidelines allow for upward departure when "the criminal history category does not adequately reflect the seriousness of the defendant's past criminal conduct or the likelihood that the defendant will commit other crimes." U.S.S.G. 4A1.3. In reviewing upward departures, we apply the analysis we set forth in United States v. White, 893 F.2d 276, 277-78 (10th Cir.1990).
 
 
 15
 Under White, we first review de novo whether the district court justified its decision to depart by citing appropriate circumstances. United States v. Tisdale, 7 F.3d 957, 962 (10th Cir.1993), cert. denied, 114 S.Ct. 1201 (1994). The second step of the White analysis requires us to apply the clearly erroneous standard to determine whether the circumstances cited by the district court actually existed in the case before the court. Finally, we review the degree of the upward departure to determine if it was reasonable. White, 893 F.2d at 277-78.
 
 
 16
 United States v. Yates, No. 92-2135, 1994 WL 140327, at * 3 (10th Cir. April 19, 1994).
 
 
 17
 Defendant concedes that there is no error with respect to the first two parts of the White analysis. His primary sentencing arguments are the related contentions that he should not have been sentenced as a career offender and that the court's degree of departure from the guidelines was unreasonable. The government essentially agrees. We do too.
 
 
 18
 As we have said before, "upward departure beyond criminal history category VI is a continuing conundrum." United States v. Kalady, 941 F.2d 1090, 1100 (10th Cir.1991). The two methods considered in this case--extrapolation from the guidelines and an analogy to the career offender category--both may provide appropriate guidance for upward departures in certain cases. United States v. Jackson, 921 F.2d 985, 993 (10th Cir.1990) (in banc). For example, we specifically approved an upward departure based on the career offender analogy in United States v. Gardner, 905 F.2d 1432, 1438-39 (10th Cir.), cert. denied, 498 U.S. 875 (1990).
 
 
 19
 It appears that the district court here did not so much analogize to the career offender category as it directly applied that category. It concluded that defendant met the career offender requirements in U.S.S.G. 4B1.1, R. Vol. III at 11-12, computed the sentencing range using the career offender guidelines, id., and then sentenced defendant to the top of that range.
 
 
 20
 Defendant, however, does not directly qualify as a career offender. One of the applicable criteria is that defendant have two prior felony convictions, which means
 
 
 21
 (A) the defendant committed the instant offense subsequent to sustaining at least two felony convictions of either a crime of violence or a controlled substance offense, ... and (B) the sentences for at least two of the aforementioned felony convictions are counted separately under the provisions of Part A of this Chapter.
 
 
 22
 U.S.S.G. 4B1.2(3). Moreover, the prior felony convictions must be adult convictions. Id., Application Note 3. As indicated by defendant's presentence report, defendant's only convictions for felonies as an adult occurred after he committed the instant offense. In addition, these convictions were for related cases and did not result in separately counted sentences under 4A1.2(a)(2)("Prior sentences imposed in related cases are to be treated as one sentence for purposes of the criminal history."). Though defendant may resemble a career offender, he does not qualify as one. "One is either a career offender or one is not. No allowance is made for 'close cases.' " United States v. Hawkins, 901 F.2d 863, 866-67 (10th Cir.1990)(reversing upward departure justified on basis that defendant "narrowly missed" career offender status).[7]
 
 
 23
 Assuming the district court analogized to, rather than directly applied, the career offender guidelines, the sentence cannot stand because the district court did not provide "a precise explanation of the particular sentence imposed." Yates, 1994 WL 140327, at * 7. Without departure, defendant's sentencing range was 57 to 71 months. Under the career offender analogy, the district court found the applicable range to be 84 to 105 months. Thus, the court essentially established a departure range of 71 to 105 months. In deciding to sentence defendant to the maximum within this range, the court stated that
 
 
 24
 I, for the reasons heretofore given, have concluded that you're a career criminal offender; that you have not profited by any of your contacts with the forces of law enforcement. I don't think you're going to again.
 
 
 25
 I think that you're going to be all your life what we call a recidivist, meaning that you will go from one jail, one prison to another, to another, to another. You always get caught and you always end up being punished. And punishment will just get longer and longer and you'll spend the rest of your life in prison. That would be my prediction as to your fate.
 
 
 26
 Sentencing has three functions: One is, of course, punishment for what was done; one is to rehabilitate the person before you; and the third function is to protect society.
 
 
 27
 In your case, punishment doesn't seem to mean much to you. As I've said, I see no hope of rehabilitation, so the only thing I can do is protect society.
 
 
 28
 And I think that you're a danger to people, that you would rob them, may even hurt them, and that you ought to, therefore, be put out of the way where you can't do that for as long as we can possibly do it.
 
 
 29
 R. Vol. III at 20.
 
 
 30
 Even with the career offender analogy, the court did not adequately explain the degree of departure. The court did not explain how its valid general considerations justified imposition of the maximum it deemed permissible. In a somewhat similar situation, we stated that
 
 
 31
 [t]he sentencing court enunciated the general factors that guided its sentencing decision, i.e., the seriousness of the offense, the need for respect for the law, just punishment, and protection of the public. The court did not, however, explain how those valid considerations produce any particular sentence given the specific facts and circumstances of this case, nor did the court identify any specific facts as supporting its conclusions.
 
 
 32
 United States v. St. Julian, 922 F.2d 563, 569 (10th Cir.1990); see also Kalady, 941 F.2d at 1101 (remanding for resentencing where sentencing court "revealed in general terms that the purpose of the departure sentence was to protect society [but] the record, the presentence report, and the sentencing court all fail to reveal how the additional ten month sentence was selected").
 
 
 33
 As we said earlier, an analogy to career offender status can be used to justify the degree of departure. But at best the court justified departing only to the bottom of the career offender range. Cf. Gardner, 905 F.2d at 1439 ("defendant's criminal history closely resembled that of a career offender and the district court's decision to sentence defendant by reference to the career offender provisions was reasonable, particularly where, as here, the district court chose to sentence him to the lower range for a career offender"). The court's only explanation for why it chose a sentence twenty-four months higher than the minimum was its conclusion that defendant was incorrigible and a menace to society. These considerations justify the departure but "do[ ] not fulfill the separate requirement of stating the reasons for imposing the particular sentence." United States v. Flinn, 987 F.2d 1497, 1502 (10th Cir.1993).
 
 
 34
 Only in "extremely narrow and rare circumstances" where we can "unmistakably determine the reasonableness of a district court's selection of a particular sentence" can we affirm a sentence lacking a precise explanation for its imposition. Yates, 1994 WL 140327, at * 7. This is not such a case. We therefore must remand for resentencing.
 
 IV
 
 35
 Defendant's remaining claims require only brief discussion. The district court clearly was aware of the government's sentencing recommendations; they were stated at the hearing at which defendant pleaded guilty and were included in the presentence report. The government's failure to repeat them at the sentencing hearing is not plain error. Similarly, the court's conclusion that defendant did not provide substantial assistance to authorities and was not entitled to a one-level reduction for this assistance also was not plain error. Because we are remanding for resentencing, we need not determine whether the court's failure to give defendant advance notice of the particular basis for upward departure rises to the level of a due process violation.
 
 V
 
 36
 We AFFIRM the district court's decisions not to allow defendant to withdraw his guilty plea and not to grant defendant a one-level reduction for assistance to authorities. The district court did not adequately state the reasons for the particular sentence imposed, and therefore we REMAND this case to the district court to conduct a new sentencing hearing and then vacate the sentence and resentence defendant in a manner consistent with this order and judgment.
 
 
 
 **
 Honorable Monti L. Belot, District Judge, United States District Court for the District of Kansas, sitting by designation
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 Though originally styled as motions pursuant to Fed.R.Crim.P. 32(d) and 35(a), the motions were filed more than eight months after sentencing, and the district court granted defendant's request to consider the motions as pursuant to 2255
 
 
 [3]
 The sentence also included three years of supervised release and a fine of $3,050
 
 
 [4]
 Defendant points out that at the sentencing hearing the district court failed to advise him of his right to appeal his sentence as required by Fed.R.Crim.P. 32(a)(2)(following guilty plea, "court shall advise the defendant of any right to appeal the sentence"). He argues that this failure by the district court constitutes cause for his failure to take a direct appeal. Though the court's order denying the instant motions states that defendant was informed of his appeal right, R. Vol. I, Doc. 51 at 4, the transcript of the sentencing hearing reveals otherwise
 This circuit has not previously considered the effect of a failure to comply with this aspect of Rule 32(a)(2). The circuits that have addressed this issue have concluded that it may require reversal and either vacation of the sentence and remand for resentencing or a remand for reinstatement of the right to a direct appeal. See, e.g., United States v. Butler, 938 F.2d 702, 703-04 (6th Cir.1991) (vacating sentence and remanding for resentencing and notice as to the right of appeal); United States v. Drummond, 903 F.2d 1171, 1173 (8th Cir.1990) (noting that failure to inform defendant of right to appeal may require reinstatement of appeal right), cert. denied, 498 U.S. 1049 (1991); see generally Hernandez v. United States, 839 F.Supp. 140, 147 (E.D.N.Y.1993)(collecting cases). Most circuits find this error to be per se reversible, see United States v. Ferraro, 992 F.2d 10, 11 (2d Cir.1993), though the Fifth and Eighth Circuits apply harmless error analysis, United States v. Garcia Flores, 906 F.2d 147, 148-49 (5th Cir.1990); Drummond, 903 F.2d at 1174. Defendant does not contend that this case should be remanded to reinstate his direct appeal rights. Because we decline to address the government's procedural bar argument and conclude resentencing is required, we need not decide whether the district court's failure to comply with Rule 32(a)(2) would constitute adequate cause to excuse the failure to take a direct appeal.
 
 
 [5]
 Defendant has never stated that he would not have pleaded guilty had he received the warning that he could not withdraw his plea if the district court rejected the sentencing recommendations in the plea agreement. Moreover, the plea agreement neither guaranteed nor even mentioned a specific sentence. In United States v. Vaughn, 7 F.3d 1533, 1535-36 (10th Cir.1993), cert. denied, 114 S.Ct. 1553 (1994), we concluded that a similar claim in similar circumstances was harmless error
 
 
 [6]
 References are to the sentencing guidelines effective November 1, 1990. Defendant's offense was committed in December 1990
 
 
 [7]
 We also note that in concluding that defendant's instant offense of possession of a sawed-off shotgun was a "crime of violence" as necessary for career offender status, U.S.S.G. 4B1.1, the court stated that defendant "indeed has used that assault weapon, at least fired three shots in an alley." R. Vol. III at 12. The parties agree that the only support in the record for this finding is defendant's statement to this effect in the debriefing interview required under the plea agreement. Because the plea agreement stated that the government would not bring any other charges against defendant arising from this transaction, it was improper for the court to rely on this statement as a basis for upward departure. See United States v. Shorteeth, 887 F.2d 253, 257 (10th Cir.1989)