**STATE of Utah, Plaintiff and Appellee,**

v.

**David A. GALLEGOS, Defendant and Appellant.**

**No. 960454–CA.**

Court of Appeals of Utah.

July 3, 1997.

Certiorari Denied Oct. 7, 1997.

Kent E. Snider, Utah County Public Defenders' Ass'n, Ogden, for Defendant and Appellant.

Jan Graham, Atty. Gen.' and Kris C. Leonard, Asst. Atty. Gen.,Salt Lake City, and Gary R. Heward, Deputy Weber County Atty., Ogden, for Appellee.

Before BENCH, BILLINGS and GREENWOOD, JJ.

## OPINION

BENCH, Judge:

Defendant appeals his sentence as a habitual offender under Utah Code Ann. § 76–3–203.5 (Supp.1996). We affirm.

## BACKGROUND

Defendant was convicted by a jury of burglary, a second degree felony in violation of Utah Code Ann. § 76–6–202 (1995), and theft, a class B misdemeanor in violation of Utah Code Ann. § 76–6–404 (1995). The trial court sentenced defendant to six months in jail for the theft conviction. The court enhanced the sentence for the second degree felony burglary conviction to a first degree felony, pursuant to the habitual offender statute. *See* Utah Code Ann. § 76–3–203.5 (Supp.1996). The enhancement was based upon prior convictions for a 1983 burglary and a 1981 attempted robbery.[1]

After the crimes involved in this appeal occurred, but prior to trial, the legislature repealed the prior habitual offender statute and replaced it with section 76–3–203.5. The new habitual offender statute provides for sentence enhancement after conviction for specifically enumerated violent felonies if the defendant has previously been convicted of two of the listed felonies. *See id.* Simultaneous with the enactment of the new habitual offender statute, the robbery statute was revised to include attempted robbery. *See*

Utah Code Ann. § 76–6–301 (Supp.1996). Defendant claims error in being sentenced as a habitual offender because attempted robbery is not specifically enumerated in section 76–3–203.5.

## ISSUE AND STANDARD OF REVIEW

■ The sole issue for review is whether defendant's prior conviction for attempted robbery satisfies one of two required predicate offenses to meet the habitual offender requirement of section 76–3–203.5. This court reviews the trial court's interpretation of a statute for correctness, giving no deference to the trial court's determinations. *See State v. Maguire,* 924 P.2d 904, 906 (Utah.Ct.App. 1996), *cert. granted,* 931 P.2d 146 (Utah 1997).

## ANALYSIS

■ Defendant contends he cannot be treated as a habitual offender because his prior conviction for attempted robbery is not specifically enumerated as a violent felony in the revised habitual offender statute. We interpret statutes to be in harmony with their legislative objectives. *See County Bd. of Equalization v. Utah State Tax Comm'n,* 927 P.2d 176, 178 (Utah 1996). The purpose of the habitual offender statute is to "make persistent offenders subject to greater sanctions." *State v. Montague,* 671 P.2d 187, 190 (Utah 1983).

The statutory scheme provides a basis for sentence enhancement in this case. The revised habitual offender statute provides, in pertinent part, as follows:

(1) As provided in this section: . . .

(b) "Habitual violent offender" means a person convicted within the state of any

---

**1.** The enhancement now applies only if, during the 10 years immediately preceding the commission of the current violent felony, the person was convicted of a felony, incarcerated, on parole, on probation, or the subject of an unexecuted felony arrest warrant. *See* Utah Code Ann. § 76–3– 203.5(2) (Supp.1996). *Because neither party has raised the issue, we presume defendant was incarcerated, on probation, on parole, or the subject of an unexecuted felony arrest warrant within ten years of the current offenses.*

violent felony and who, on at least two previous occasions as provided in Subsection (2), has been convicted of a violent felony and committed to either prison in Utah or an equivalent correctional institution of another state or of the United States either at initial sentencing or after revocation of probation.

(c)(i) "Violent felony" means any felony violation of: ...

(P) aggravated robbery and robbery under Title 76, Chapter 6, Part 3, Robbery.

. . . .

(c)(ii) any felony offense against a criminal statute of any other state, the United States, or any district, possession, or territory of the United States which would constitute a violent felony as defined in this subsection if committed in this state.

Utah Code Ann. § 76–3–203.5 (Supp.1996). The habitual offender statute therefore focuses both on the statutory definitions attached to the prior offenses and on the underlying criminal conduct involved. *Cf. Taylor v. United States*, 495 U.S. 575, 600–01, 110 S.Ct. 2143, 2159, 109 L.Ed.2d 607 (1990) (concluding that federal enhancement statute "most likely refers to the elements of the statute of conviction, not to the facts of each defendant's conduct").

In the case at bar, the statutory definition of robbery in the revised statute encompasses attempted robbery as that crime existed in 1981. The habitual offender statute specifically refers to the revised robbery statute as an offense that would support enhancement. The revised robbery statute became effective May 1, 1995, the same date the revised habitual offender statute became effective. The revised robbery statute in Title 76, Chapter 6, Part 3 provides as follows:

(1) A person commits robbery if:

(a) the person unlawfully and intentionally takes *or attempts to take* personal property in the possession of another from his person, or immediate presence, against his will, by means of force or fear; or

(b) the person intentionally or knowingly uses force or fear of immediate force against another in the course of committing a theft.

(2) An act shall be considered "in the course of committing a theft" if it occurs in *an attempt* to commit theft, commission of theft, or in the immediate flight after the attempt or commission.

(3) Robbery is a felony of the second degree.

Utah Code Ann. § 76–6–301 (Supp.1996) (emphasis added). "Attempt" is defined by Utah Code Ann. § 76–4–101(1) (1995), which provides, just as it did in 1981, that "a person is guilty of an attempt to commit a crime if, acting with the kind of culpability otherwise required for the commission of the offense, he engages in conduct constituting a substantial step toward commission of the offense."

When read together with the simultaneously revised robbery statute, the revised habitual offender statute therefore includes a prior conviction of attempted robbery. Defendant admits that under the old habitual offender statute he would have been subject to habitual offender status for the attempted robbery conviction. Defendant cannot escape enhancement just because the legislature revised the pertinent statutes; the legislature merely consolidated attempted robbery into the robbery statute and incorporated it by reference into the revised habitual offender statute. *Cf. Chris & Dick's Lumber & Hardware v. Utah State Tax Comm'n*, 791 P.2d 511, 515 (Utah 1990) (refusing to infer that legislature intended to change the effect of the law by revising and consolidating statutes).

Defendant cites *United States v. Strahl*, 958 F.2d 980 (10th Cir.1992), to support his contention that his attempted robbery conviction should not support a habitual offender enhancement because it was not specifically enumerated as a violent crime. However, the federal enhancement statute in *Strahl* is distinguishable from the statutes in defendant's case. In *Strahl*, the Tenth Circuit concluded that the defendant's prior Utah conviction for attempted burglary could not be one of the predicate offenses necessary to enhance the defendant's federal sentence for

possession of firearms by a felon. *See id.* at 986. The statute at issue in *Strahl* did not enumerate attempted burglary as an offense sufficient to support an enhancement. Furthermore, the court held that although two previous versions of the enhancement statute specifically included attempted burglary, the final version that was enacted did not include attempted burglary as a predicate offense to support enhancement. *See id.* Thus, the court held that the history of the statute indicated that attempted burglary was intentionally omitted from the enacted version of the law. *See id.* Furthermore, the *Strahl* court concluded that the elements of burglary did not implicitly fall within the catch-all portion of the statute as conduct " 'that presents a serious potential risk of physical injury to another.' " *Id.* (quoting 18 U.S.C. § 924(e)(2)(B)(ii) (Supp.1987)). In the case at bar, there were no similar indications that attempted robbery was not intended to serve as a predicate offense for enhancement. On the contrary, as discussed above, the statutes at issue in this case specify that attempted robbery continues to be a predicate offense for sentence enhancement.

## CONCLUSION

The revised habitual offender statute includes defendant's attempted robbery conviction because the simultaneously revised robbery statute includes the crime of attempted robbery. Defendant was therefore not erroneously sentenced as a habitual offender.

BILLINGS and GREENWOOD, JJ., concur.