**AMERICAN FORK, Plaintiff and Appellee,**

v.

**Kent Jesse CARR, Defendant and Appellant.**

**No. 981043–CA.**

Court of Appeals of Utah.

Dec. 17, 1998.

Marlin G. Criddle, Salt Lake City, for Appellant.

Bruce R. Murdock and James "Tucker" Hansen, Duval, Hansen, Witt & Moreley, LLC, American Fork, for Appellee.

Before Judges BENCH, BILLINGS, and ORME.

## OPINION

BENCH, Judge:

Defendant Kent Jesse Carr appeals his jury conviction of lewdness, a class B misdemeanor, in violation of Utah Code Ann. § 76–9–702 (Supp.1998). We reverse and remand for a new trial.

## BACKGROUND

In August 1997, Joshua Waldron entered a public restroom at a shopping facility and saw defendant standing next to the restroom sinks. Waldron entered a bathroom stall and heard defendant enter the adjacent stall. After a moment, Waldron thought he saw defendant peeking over the stall at him. Defendant then left the stall and began peering at Waldron through the space between the door and the wall. Waldron made eye contact with defendant for several seconds, then Waldron rushed toward the door and shouted, "Hey, what's going on?" Defendant then left the restroom.

Waldron also left the restroom and told two of his friends about the encounter. Waldron and his friends followed defendant to defendant's place of employment. Waldron felt violated and wanted to confront defendant about the incident. The police were called and Waldron told an officer about the incident in the restroom. The officer then cited defendant for lewdness. *See* Utah Code Ann. § 76–9–702 (Supp.1998).

Before trial, defendant filed a Motion to Dismiss, arguing that to convict a person of lewdness based on trespassory voyeurism, the person must be a trespasser on real property. The trial court denied the motion, but invited defendant to reassert the motion at the close of the prosecution's case. At trial, defendant renewed his motion, and the trial court denied the motion on its merits. Although the information charged defendant with lewdness, the trial court instructed the jury that defendant was charged with the offense of trespassory voyeurism and gave an elements instruction to that effect. The jury found defendant guilty of lewdness.

### STANDARD OF REVIEW

"This court reviews the trial court's interpretation of a statute for correctness, giving no deference to the trial court's determinations." *State v. Gallegos,* 941 P.2d 643, 644 (Utah Ct.App.1997) *cert. granted,* 945 P.2d 1118 (Utah 1997). "This court reviews the trial court's jury instructions on elements of a crime under a correctness standard. However, jury instructions to which a party failed to object at trial will not be reviewed absent a showing of manifest injustice." *State v. Gibson,* 908 P.2d 352, 354 (Utah Ct.App.1995) *(cert. denied,)* 917 P.2d 556 (Utah 1996) (citation omitted); *accord* Utah R.Crim. P. 19(c).

### ANALYSIS

Section 76–9–702(1) of the Utah Code provides as follows:

> *A person is guilty of lewdness if the person* under circumstances not amounting to rape, object rape, forcible sodomy, forcible sexual abuse, aggravated sexual assault, or an attempt to commit any of these offenses, performs an act of sexual intercourse or sodomy, exposes his or her genitals or private parts, masturbates, *engages in trespassory voyeurism,* or performs any other act of lewdness in a public place or under circumstances which the person should know will likely cause affront or alarm to, on, or in the presence of another who is 14 years of age or older.

Utah Code Ann. § 76–9–702(1) (Supp.1998) (emphasis added).

"At common law, lewdness was a specific kind of public indecency. It was defined as the unlawful indulgence of lust and involved gross indecency with respect to sexual conduct." 3 *Wharton's Criminal Law* § 307, at 194–95 (Charles E. Torcia ed., 15 ed.1995). Here, the prosecution claimed that defendant violated the lewdness statute by engaging in trespassory voyeurism. Thus, we must determine whether the trial court erred in denying defendant's Motion to Dismiss and whether the trial court erred in failing to properly instruct the jury regarding the elements of lewdness based on trespassory voyeurism.

"When we interpret statutes, our primary goal is to give effect to the legislature's intent in light of the purpose the statute was meant to achieve. We therefore look first to the statute's plain language." *Evans v. State,* 963 P.2d 177, 184 (Utah 1998) (citations omitted). Defendant argues that when trespassory voyeurism is alleged, the prosecution must prove he trespassed on real property while engaging in voyeurism. "Voyeur," as defined in the dictionary, means "[o]ne who derives sexual gratification from observing the sex organs or sexual acts of others, esp[ecially] from a secret vantage point." *Webster's II New College Dictionary* 1239 (1995). The legislature added the modifier "trespassory" to the term. "Trespass" is broadly defined as "[t]o infringe upon the privacy, time or attention of another." *Id.* at 1175. Under the plain meaning of the terms, therefore, a person engages in trespassory voyeurism by deriving sexual gratification from observing the sex organs or sex acts of someone who has a reasonable expectation of privacy. Thus, contrary to defendant's claim, the phrase trespassory voyeurism does not require proof that defendant trespassed on real property. We therefore hold that the trial court properly denied defendant's Motion to Dismiss and properly refused to instruct the jury that the prosecution needed to establish that defendant trespassed on real property.

Defendant also argues that the lewdness statute requires a jury instruction as to defendant's intent to seek sexual gratification. The record is devoid of any objection at trial regarding the absence of a jury instruction on intent to seek sexual gratification. When a party fails to object to instructions at trial, this court will not review the instructions absent a showing of manifest injustice. Rule 19(c) of the Utah Rules of Criminal Procedure provides:

> No party may assign as error any portion of the charge or omission therefrom unless he objects thereto before the jury is instructed, stating distinctly the matter to which he objects and the ground of his objection. Notwithstanding a party's failure to object, error may be assigned to

instructions in order to avoid a manifest injustice.

This court has consistently held that "[f]ailure to give an elements instruction for a crime satisfies the manifest injustice standard under Rule 19(c) and constitutes reversible error as a matter of law." *Gibson*, 908 P.2d at 354; *see also State v. Souza*, 846 P.2d 1313, 1320 (Utah Ct.App.1993) (stating "because ' "[t]he general rule is that an accurate instruction upon the basic elements of an offense is essential," ' failure to provide such an instruction is reversible error that can never be considered harmless" (quoting *State v. Jones*, 823 P.2d 1059, 1061 (Utah 1991) (quoting *State v. Roberts*, 711 P.2d 235, 239 (Utah 1985)))). We therefore assess, as a matter of manifest injustice, whether the trial court properly instructed the jury on the elements of the charged offense.

Both parties submitted a proposed jury instruction to the trial court identifying the elements of lewdness. For example, the prosecution's instruction stated that the jury must find that defendant

did one of the following in a public place or under circumstances which he should know would cause affront or alarm to, on, or in the presence of another who is 14 years of age or older:

a. Performed an act of sexual intercourse or sodomy;

b. Exposed his genitals or private parts;

c. Masturbated;

d. Engaged in trespassory voyeurism;

e. Performed any other act of lewdness.

Instead of using one of the submitted instructions, the trial court instructed the jury as follows:

In this case, the defendant is charged with trespass voyeurism. The elements of trespass voyeurism are as follows:

1. That the Defendant positioned himself in a public restroom in a place where he could see the activities of Joshua Waldron behind closed restroom stall doors.

2. That the Defendant's intent was to observe Mr. Waldron and his activities behind the closed restroom stall.

3. That such conduct was not with the permission or invitation of Mr. Waldron and under such circumstances as would give rise in Mr. Waldron to an expectation of privacy from such observation.

The trial court's instructions fail to mention the elements of lewdness, as provided by the statute.

■ When instructing the jury on the elements of the offense, the trial court must specifically instruct the jury regarding the "cupable mental state required" to commit the crime. Utah Code Ann. § 76–1–501 (1995). To find a defendant guilty of lewdness based on trespassory voyeurism, the jury must determine that defendant sought to derive sexual gratification by observing the sex organs or sex acts of a person who has an expectation of privacy. Lewdness itself is defined as "Preoccupied with sex: LUSTFUL." *Webster's, supra* at 631. Likewise, as mentioned above, voyeurism includes intentional behavior on the part of the perpetrator to derive sexual gratification. The trial court's instructions, however, failed to instruct the jury that to convict defendant of lewdness based upon trespassory voyeurism, the jury must find that defendant sought to derive sexual gratification.

Consequently, the trial court failed to properly instruct the jury on the elements of the offense charged. This failure satisfies the manifest injustice standard under Rule 19(c). *See Gibson*, 908 P.2d at 354. We therefore reverse the conviction and remand for a new trial.

We have considered defendant's other arguments and conclude that they are without merit. *See State v. Carter*, 776 P.2d 886, 888 (Utah 1989).

## CONCLUSION

The trial court properly denied defendant's Motion to Dismiss and properly refused to instruct the jury that trespassory voyeurism requires proof that defendant trespassed on real property. However, the trial court failed to instruct the jury regarding the elements of the alleged offense. We therefore

reverse the conviction and remand for further proceedings consistent with this opinion.

BILLINGS, Judge and ORME, Judge, concur.