**UNITED STATES of America,
Plaintiff–Appellee,**

**v.**

**Jose Gilberto DRUMMOND,
Defendant–Appellant.**

**No. 89–6121.**

United States Court of Appeals,
Fifth Circuit.

Sept. 5, 1990.

Jose Gilberto Drummond, Rochester, Minn., pro se.

---

**5.** In his grievance filed with the TDC, Wesson   alleged only swollen wrists.

Before THORNBERRY, GEE, and SMITH, Circuit Judges.

GEE, Circuit Judge:

Today, we decide whether a district court may properly deny a federal prisoner's motion pursuant to 28 U.S.C. § 2255 to vacate sentence without a hearing, even though the record contains no direct evidence or explicit findings on the matter raised by the prisoner.

The petitioner, Drummond, currently is serving a 90–month sentence for distributing cocaine and conspiracy to distribute cocaine. He appeals to us from the district court's denial, without a hearing, of his § 2255 motion. We affirm.

Drummond pled guilty to the first two counts of a four count indictment and, following a trial, was convicted on the last two counts. The court sentenced him to 90 months in prison and four years of supervised release. In an unpublished opinion, *United States v. Drummond,* 866 F.2d 1419 (5th Cir.1989), we affirmed his conviction and sentence on counts three and four. Drummond then filed this § 2255 motion, claiming that as a result of earlier head injuries he was mentally incompetent to plead, to stand trial or to be sentenced, and arguing further that he had understood the trial judge to say that, as a result of his guilty plea on the first two counts, "no trial" would be held on any of the four counts. The district court concluded that the record, which contains no direct discussion of Drummond's competence, conclusively shows that Drummond is not entitled to relief.

Nothing in § 2255 requires direct evidence before a court can forego a hearing. Section 2255 permits the district court to dispense with a hearing if "the motion and the files and records of the case *conclusively show* that the prisoner is entitled to no relief ... (emphasis added)" We have already indirectly addressed the meaning of the phrase, "conclusively show": In *Franklin v. United States,* 589 F.2d 192

(5th Cir.), *cert. denied,* 441 U.S. 950, 99 S.Ct. 2177, 60 L.Ed.2d 1055 (1979), we held that the language requires only conclusive evidence. There, as here, a prisoner had challenged his conviction and sentence, claiming mental incompetence at the time at which he entered his plea. There, as here, the district court denied the prisoner's motion without a hearing. Based solely upon the record and the files, we affirmed the district court's denial:

> The transcripts of the suppression hearing and plea proceedings show that Franklin was alert, coherent, and fully competent to stand trial ... The District Court did not err in failing to order a competency hearing, because there was nothing in Franklin's behavior to suggest to the court that such a hearing was called for and Franklin's attorney did not move for a hearing on the matter.

■ Faced squarely with the question, we now confirm that § 2255 requires only conclusive evidence—and not necessarily direct evidence—that a defendant is entitled to no relief under § 2255 before the district court can deny the motion without a hearing. Where the defendant's testimony evidenced his lucidity and competence, and there is a clear inference from the records that the defendant was fully competent, it would be a waste of judicial resources to require a hearing. This is especially true where, as here, the defendant did not even raise the issue of his competence before or at trial, leaving the record devoid of any specific discussion regarding his competence.

■ We now turn to the district court's determination in this case that the record conclusively shows Drummond is entitled to no relief. Upon a careful review of all the records below, we find no basis for overturning that determination. The transcripts of the plea proceedings and the trial show Drummond was alert, coherent, and fully competent to plead and to stand trial. When questioned by the court, Drummond said he had discussed the consequences of his plea with his attorney. The Court asked Drummond if he understood the various consequences of his pleas, if promises

were made to him, if he was coerced, and if he understood the elements of the offenses with which he was charged. To each of these inquiries, Drummond replied that he understood. Moreover, it is scarcely surprising that the record does not specifically address Drummond's competence: As we have mentioned, Drummond did not raise the issue of competency at any time prior to his § 2255 motion. As to Drummond's alleged misunderstanding that "no trial" meant no trial on any of the four counts, trial on counts three and four was held the same day and no objection was made. To the extent that Drummond's misunderstanding is sought to be attributed to his alleged incompetence, we find this far fetched and insufficient in the face of the record as a whole.

AFFIRMED.