IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 95-10798
USDC No. 3:84-CR-168-P
_____


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TYRELL DEFARIS ERWIN,

Defendant-Appellant.


- - - - - - - - - -
Appeal from the United States District Court
for the Northern District of Texas
- - - - - - - - - -

December 20, 1995

Before KING, SMITH and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Tyrell Erwin appeals the denial of his motion for relief under 28 U.S.C. § 2255. Erwin's motions for leave to proceed *in forma pauperis*, appointment of counsel, and release pending appeal are DENIED.

We do not consider Erwin's contention, raised for the first time on appeal, that the district court constructively amended his indictment by allowing the jury to convict him of

---

[*]    Local Rule 47.5 provides:  "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession."  Pursuant to that Rule, the court has determined that this opinion should not be published.

counterfeiting.  No manifest injustice results from our refusal to entertain Erwin's contention; Erwin already had been convicted of counterfeiting and the jury instructions did not allow the jury to convict of counterfeiting again.  *Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991).

The district court did not constructively amend Erwin's indictment by failing to correctly instruct the jury regarding a racketeering nexus, nor was counsel ineffective for failing to raise Erwin's constructive amendment contention.  We found in Bonnie Erwin's § 2255 appeal that the district court adequately instructed the jury regarding a racketeering nexus.

We do not entertain Erwin's contentions regarding grand jury misconduct and that he was indicted for cocaine offenses based on hearsay; contentions raised for the first time on appeal.  Those contentions would require us to make factual determinations; we do not make such determinations.  *Varnado*, 920 F.2d at 321.

Counsel was not ineffective for failing to raise a timely objection to the Government's use of peremptory strikes, pursuant to *Batson v. Kentucky*, 476 U.S. 79 (1986).  Erwin's trial occurred in December 1984; Batson was decided on April 30, 1986, almost two years later.  Counsel was not ineffective for failing to anticipate *Batson*.

Erwin does not develop his contention that counsel was ineffective for failing to obtain information regarding grand jury and petit jury selection procedures and failing to challenge those procedures beyond merely stating them.  He has failed to brief that issue for appeal. *Yohey v. Collins*, 985 F.2d 222, 225

(5th Cir. 1993).

The statute allowing the Drug Enforcement Administration (DEA) to place drugs temporarily on the schedules of controlled substances, 21 U.S.C. § 811(h), was enacted in 1984. The DEA had placed phenmetrazine on schedule II and pentazocine on schedule IV of the schedules of controlled substances before 21 U.S.C. § 811(h) was enacted. *See* 21 C.F.R. §§ 1308.12(d)(3), 1308.14(f)(1)(April 1, 1984 & April 1, 1982). Because phenmetrazine and pentazocine were on the schedules of controlled substances before the statute on which Erwin relies was enacted, Erwin's contentions that the DEA failed to follow the procedures in 21 U.S.C. § 811(h) and that counsel was ineffective for failing to raise the issue are without merit.

Erwin's contentions that his convictions violated the Double Jeopardy Clause and that his punishment was disproportionate because the Government obtained forfeiture of his assets is without factual basis. The Government sought and obtained forfeiture of property against Bonnie Erwin only, not against Tyrell Erwin.

The record before this court is sufficient for determination of Erwin's contentions. No evidentiary hearing is necessary. *United States v. Drummond*, 910 F.2d 284, 285 (5th Cir. 1990), *cert. denied*, 498 U.S. 1104 (1991).

APPEAL DISMISSED. *See* 5TH CIR. R. 42.2.