UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 95-50284
Summary Calendar
_____


UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

                         versus

DANIEL VILARCHAO,

                                        Defendant-Appellant.

_____

Appeal from the United States District Court for the
Western District of Texas
(SA-94-CA-571)
_____
April 30, 1996

Before SMITH, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:*

     Daniel Vilarchao appeals from the district court's denial of
his motion to vacate, set aside, or correct his sentence pursuant
to 28 U.S.C. § 2255.  Vilarchao argues that the district court
erred by denying him relief without conducting an evidentiary
hearing on the following ineffective assistance of counsel
allegations.

     Vilarchao contends that counsel failed to properly prepare for

*Pursuant to Local Rule 47.5, the court has determined that this
opinion should not be published and is not precedent except under
the limited circumstances set forth in Local Rule 47.5.4.

trial.  Vilarchao's claim affords him no relief because he has failed to demonstrate that the alleged inadequate preparation prejudiced him.  Anderson v. Collins, 18 F.3d 1208, 1221 (5th Cir. 1994); United States v. Kaufman, 858 F.2d 994, 1006 (5th Cir. 1988), cert. denied, 493 U.S. 895, 110 S.Ct. 245 (1989).

Vilarchao next argues that counsel's failure to object to testimony that he would kill people over the loss of 400 kilograms constituted ineffective assistance.  The Government correctly points out that the testimony in question refers to "the Colombian" and does not identify Vilarchao.  Additionally, we note that the presentence report identifies Vilarchao as a native of Cuba who has resided in the United States since 1961.  Vilarchao has not shown that counsel's failure to object constituted unprofessional conduct or prejudiced him.

Vilarchao argues that counsel failed to object to the admission into evidence of the small amount of cocaine found in his wallet.  On Vilarchao's direct appeal, in the context of addressing the claim that the district court erred in admitting testimony regarding the cocaine found in his wallet, this Court described the evidence of Vilarchao's guilt as overwhelming, even without the challenged evidence.  United States v. Vilarchao, No. 90-5640 (January 24, 1992).  Additionally, the court below opined that the evidence at trial established that Vilarchao was responsible for smuggling enormous amounts of cocaine into the United States.  As such, we agree with the district court's conclusion that Vilarchao could not demonstrate prejudice on the basis of such a small amount of cocaine.

2

Vilarchao also argues that counsel erred in using the term "godfather" in her closing argument because it allowed the prosecutor to "paint a picture" of him as the "godfather" in this case during closing argument. As the district court stated, "[i]t is clear that trial counsel's reference to the nonmovant as a godfather to children was an attempt to show him in a parental and caring light." Once again, because Vilarchao has failed to show that the prosecutor's closing argument prejudiced him, this claim is without merit.

Accordingly, Vilarchao's allegations did not warrant § 2255 relief, and the district court did not err in denying relief without an evidentiary hearing. See United States v. Drummond, 910 F.2d 284, 285 (5th Cir. 1990), cert. denied, 498 U.S. 1104, 111 S.Ct. 1006 (1991).

AFFIRMED.