IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT
_____

No. 95-20764
Summary Calandar
_____


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

VERSUS

JUAN ERNESTO CASTRO-CUELLAR;
ARACELY CASTRO, also known as Chela,

Defendants-Appellants.


---------------------
Appeal from the United States District Court
for the Southern District of Texas
(95-CV-3725)
---------------------
July 1, 1996

Before SMITH, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]


Juan Ernesto Castro-Cuellar appeals the denial of his motion to vacate his sentence, filed pursuant to 28 U.S.C. § 2255. He argues that the seizure of his home after his criminal conviction constitutes a violation of the Double Jeopardy Clause. Castro's home was forfeited pursuant to 21 U.S.C. § 853 and as a result of the criminal proceeding that also resulted in his conviction. The

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Double Jeopardy Clause did not preclude the government from seeking the full range of statutorily authorized criminal penalties in the same proceeding, because the total punishment did not exceed that authorized by law. *United States v. Halper,* 490 U.S. 435, 450 (1989).

Castro argues that he received ineffective assistance of counsel at trial. Castro's allegations fail to show how the purported deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687-94 (1984); *Anderson v. Collins*, 18 F.3d 1208, 1221 (5th Cir. 1994).

Castro asserts that the government engaged in prosecutorial misconduct when the prosecutor presented hearsay evidence to the grand jury and expressed an opinion as to his guilt. Prosecutorial misconduct before the grand jury is deemed harmless after a guilty verdict has been returned by a petit jury. *United States v. Mechanik*, 475 U.S. 66, 70 (1986); *Wilkerson v. Whitley,* 28 F.3d 498, 503 (5th Cir. 1994), *cert. denied*, 115 S. Ct. 740 (1995).

Castro also argues that his right to a speedy trial was violated, that his indictment was multiplicitous, and that the statutes under which he was convicted are unconstitutional. None of these issues was presented to the district court or rises to the level of plain error so as to require review by this court. *See United States v. Calverley*, 37 F.3d 160, 162-64 (5th Cir. 1994) (en

banc), *cert. denied*, 115 S. Ct. 1266 (1995); *see also Highlands Ins. Co. v. National Union Fire Ins. Co.,* 27 F.3d 1027, 1031-32 (5th Cir. 1994), *cert. denied*, 115 S. Ct. 903 (1995).

Castro argues that the district court erred when it summarily dismissed his motion and did not hold an evidentiary hearing. Rule 4(b) of the Rules Governing Section 2255 Proceedings permits summary denial of a § 2255 motion. Moreover, because the record conclusively showed that Castro was entitled to no relief, the district court was not required to conduct an evidentiary hearing. *United States v. Drummond*, 910 F.2d 284, 285 (5th Cir. 1990), *cert. denied*, 498 U.S. 1104 (1991); 28 U.S.C. § 2255.

AFFIRMED.