IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 96-50203
(Summary Calendar)
_____


UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,


                         versus

JAIME EDUARDO ALARCON,

                                        Defendant-Appellant.


- - - - - - - - - -
Appeal from the United States District Court
for the Western District of Texas
(USDC No. EP-95-CV-488-H)
- - - - - - - - - -

September 30, 1996
Before HIGGINBOTHAM, WIENER and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

     Jaime Eduardo Alarcon appeals from the district court's order dismissing his motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.  Alarcon argues that his guilty plea was unknowing and involuntary, the factual basis was inadequate to support his guilty plea, counsel was ineffective because he coerced

_____

     [*]  Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

Alarcon into entering a guilty plea, and the district court erred in failing to conduct an evidentiary hearing.

Alarcon failed to establish that his guilty plea, which was allegedly based on an unkept promise, was unknowing and involuntary. See United States v. Smith, 915 F.2d 959, 963 (5th Cir. 1990). The district court's finding that the factual basis was sufficient to support the plea was not clearly erroneous. See United States v. Adams, 961 F.2d 505, 508 (5th Cir. 1992). The district court did not err in determining that Alarcon's guilty plea was not coerced. See Blackledge v. Allison, 431 U.S. 63, 74 (1977). Alarcon's contention that counsel was ineffective for failing to investigate or file pretrial motions was not adequately briefed and is thus deemed abandoned. See Brinkmann v. Dallas County Deputy Sheriff Abner, 813 F.2d 744, 748 (5th Cir. 1987). The district court did not err in refusing to conduct an evidentiary hearing because the record is sufficient for determination of Alarcon's contentions. See United States v. Drummond, 910 F.2d 284, 285 (5th Cir. 1990), cert. denied, 498 U.S. 1104 (1991).

AFFIRMED.