IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-50541
USDC No. W-98-CV-279
USDC No. W-97-CR-44-5
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

JAMES DOYLE CARDWELL,

                                        Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Western District of Texas
---------------------
December 9, 1999

Before JOLLY, JONES, and BENAVIDES, Circuit Judges.

PER CURIAM:*

James Doyle Cardwell, federal prisoner # 78689-080, requests this court to grant him a certificate of appealability (COA) to appeal the district court's denial of his 28 U.S.C. § 2255 motion. Cardwell's motion to proceed <u>in forma pauperis</u> (IFP) on appeal is GRANTED.

Cardwell first challenges the application and adequacy of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). A § 2255 motion does not amount to a habeas proceeding and, thus, does not implicate the Suspension Clause. <u>Turner v.</u>

---

    * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Johnson, 177 F.3d 390, 392 & n.1 (5th Cir. 1999), cert. denied, ___ S. Ct. ___ (U.S. Nov. 15, 1999) (No. 99-6127).  Because Cardwell filed his § 2255 motion after the April 24, 1996, effective date of the AEDPA, he must obtain a COA before proceeding with this appeal.  United States v. Garza, 165 F.3d 312, 313-14 (5th Cir. 1999), cert. denied, ___ S. Ct. ___ (U.S. Nov. 15, 1999)(No. 99-5377).

Cardwell also argues that his counsel was ineffective for giving him inaccurate advice on the applicable sentencing guideline range, for agreeing with the Government to waive Cardwell's right to appeal, for failure to challenge the role adjustment, and for failing to file an appeal.  A COA requires a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2).  Cardwell has met that standard with respect only to his claim that he requested that his counsel file a notice of appeal and counsel allegedly refused.  There is a factual dispute as to whether Cardwell asked his attorney to file an appeal.  Accordingly, his request for COA is GRANTED with respect to that claim.  Because the record presented does not conclusively establish that Cardwell cannot demonstrate that he is entitled to relief, the district court erred in failing to conduct an evidentiary hearing.  United States v. Drummond, 910 F.2d 284, 285 (5th Cir. 1990).  The judgment of the district court is VACATED, and the case is REMANDED to the district court for further proceedings consistent with this opinion.  Cardwell's request for a COA on the remaining issues is DENIED.

IFP GRANTED; COA GRANTED AS TO FAILURE TO FILE AN APPEAL CLAIM ONLY; COA DENIED AS TO REMAINING ISSUES; VACATED AND REMANDED.