IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 20, 2007

Charles R. Fulbruge III
Clerk

No. 06-60530
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CHRISTOPHER RAGINS, also known as Turk,

Defendant-Appellant.

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 3:04-CV-43
USDC No. 1:00-CR-139-9

Before JOLLY, DAVIS, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

Christopher Ragins, federal prisoner # 11321-042, was convicted by a jury of conspiracy to distribute and to possess with intent to distribute approximately 169.44 grams of cocaine base (Count One), distribution of approximately 7.21 grams of cocaine base (Count Nine), possession of 105.69 grams of cocaine base with intent to distribute (Count 20), and possession of 3269.6 grams of marijuana with intent to distribute (Count 21). Ragins is serving concurrent

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

480-month prison sentences as to the cocaine-base convictions and a concurrent 60-month term as to the marijuana conviction. He filed a 28 U.S.C. § 2255 motion challenging his conviction and sentence.

Following the district court's denial of Ragins's § 2255 motion, this court granted Ragins a certificate of appealability with regard to whether trial counsel performed ineffectively by failing to interview and call as trial witnesses, Lewis Ragins, Ricardo Miller, and Jimmy Taylor, who allegedly could have testified that Ragins was not involved in the conduct for which he was convicted. The parties were advised to address whether Ragins was entitled to an evidentiary hearing as to this claim.

When reviewing the denial of habeas relief, the district court's findings of fact are reviewed for clear error and issues of law are reviewed de novo. United States v. Faubion, 19 F.3d 226, 228 (5th Cir. 1994). We review mixed questions of law and fact, such as ineffective-assistance-of-counsel claims, de novo. Id.

Ragins has not shown that there was a reasonable probability that the outcome of his trial would have been different if these witnesses had testified and, therefore, he has not shown that his trial counsel rendered ineffective assistance. See Strickland v. Washington, 466 U.S. 668, 694, 694 (1984); Miller v. Dretke, 420 F.3d 356, 361 (5th Cir. 2005); Alexander v. McCotter, 775 F.2d 595, 602 (5th Cir. 1985). Nor was Ragins entitled to an evidentiary hearing on this issue. See United States v. Drummond, 910 F.2d 284, 285 (5th Cir. 1990). The judgment of the district court is AFFIRMED.